[No. 9,706. Department One —January 13, 1885.]

## PIO PICO et al., Appellants, v. JUAN SEPULVEDA et al., Respondents.

Practice—Findings—Amendment after Judgment—New Trial.—When the findings of fact by a court are erroneous in any respect, the appropriate proceeding to have them set aside is a motion for a new trial. A motion to amend the findings, after a decree has been entered in the case, is irregular.

Appeal from a judgment of the Superior Court of the county of Los Angeles.

The facts sufficiently appear in the opinion of the court.

*Wm. D. Stephens, A. M. Stephens,* and *H. K. S. O'Melveny,* for Appellants.

*Bicknell & White,* and *S. Haley,* for Respondents.

The Court.—In this case, after trial had, the court below, on the 23d of April, 1883, made and entered findings of fact, conclusions of law, and a decree in favor of the plaintiffs. Subsequently the defendant, Ranulfo Pico, moved "for an amendment of the findings of fact, conclusions of law, and decree heretofore entered herein, as provided in section 473 of the Code of

Civil Procedure, and section 35 of the Civil Code, and for a new trial." The court heard the motion upon " affidavits and counter-affidavits of the parties, as also the statement on motion for new trial, prepared and settled herein "; and thereafter, on the 5th day of January, 1884, made and entered certain " amended and engrossed findings to stand for and constitute all the findings in the cause "; and upon the " amended and engrossed findings " a decree was entered against the plaintiff, Pio Pico, and in favor of the representatives of Ranulfo Pico—the latter having meanwhile deceased. The change in the judgment was wrought by findings of fact made not only without a trial, but the facts thus found were not even put in issue by the pleadings in the case. If the original findings of fact were erroneous in any respect, the appropriate proceeding to get them set aside was a motion for a new trial. It is thoroughly settled in this State, that the mode of reviewing the action of the court upon an issue of fact is the same, whether the case is at law or in equity—there must be a motion for a new trial. (*Harris* v. *S. F. S. R. Co.*, 41 Cal. 393; *Thompson* v. *White*, 63 Cal. 509.) In the present case it appears there was such a motion made, but it was not regularly disposed of. The course adopted in the court below was irregular, and unauthorized by law. Section 473 of the Code of Civil Procedure has no application to the case as presented by the record.

Judgment reversed and cause remanded, with directions to the court below to proceed and determine the defendants' motion for a new trial, and for such other proceedings as may not be inconsistent with what is here said.