[No. 19235.   Department Two.—December 26, 1893.]

THE COUNTY OF LOS ANGELES, RESPONDENT, *v.* JAMES B. LANKERSHIM, APPELLANT.

COUNTY TREASURER—DUTY TO PAY WARRANTS UPON SCHOOL FUND—NOTICE OF ILLEGALITY.—It is the duty of a county treasurer to pay an auditor's warrant upon the school fund, if it is regular and legal in form, unless he has notice that it is not based upon a lawful demand, or has notice of facts sufficient to put an ordinarily prudent treasurer upon inquiry, which, if diligently prosecuted, would lead to a discovery of the illegality of the claim upon which the warrant was founded.

ID.—OFFICIAL BOND—LIABILITY OF SURETIES FOR LOSS.—The sureties upon the official bond of a county treasurer are not responsible for a loss resulting from the payment of a genuine auditor's warrant in due form, without notice, actual or constructive, of any fraud or infirmity in the claim upon which the warrant was based.

ID.—FAILURE TO PAY OVER MONEYS—BURDEN OF PROOF.—In an action upon an official bond, where the breach laid is the refusal or neglect of the officer to account for and pay over as required by law money which came into his hands, it is incumbent upon the plaintiff to prove what money did come to his hands, what amount he has not truly accounted for, and in what respects he has failed to do his duty.

ID.—PRESUMPTION AS TO DISCHARGE OF OFFICIAL DUTY.—It will be presumed that official duty has been performed, and whenever there is a charge made of official default, the burden of proof is upon the party making the allegation.

ID.—CONSTRUCTION OF FINDINGS—FRAUD.—A finding that a warrant which it is claimed the county treasurer had no right to pay, "was fraudulent and wholly without right," is not a finding that the treasurer was guilty of any fraud or wrong.

ID.—PRESUMPTION AS TO GENUINENESS OF WARRANT.—A finding that a payment by a county treasurer was made "upon what purported to be a county auditor's warrant," raises the presumption, in the absence of any finding to the contrary, that the warrant was genuine, and complied with the law in form and substance.

ID.—Loss of Warrant—Presumption.—A finding that the warrant upon which the alleged wrongful payment was made cannot be found does not raise any inference against the treasurer that the payment was wrongful, where it is shown that the trial was three years after the payment of the warrant. In such a case it will be presumed that the warrant was in the hands of the auditor, or lost, or destroyed, or otherwise disposed of by him.

ID.—Conclusions of Law—Indefinite Findings.—A finding that all of the alleged wrongful payments "were made by said treasurer wrongfully and without right or authority, and in violation of his duty as such treasurer," consists of mere conclusions of law, and even if it could be regarded as a statement of facts is too general and indefinite.

ID.—Finding as to Books of Treasurer.—A finding that the "treasurer did not, during his said term of office, keep any books as required by subdivision 3 of section 70 of the County Government Act," does not state any particulars in which the treasurer's books were deficient, and does not show that any deficiency or irregularity in his book-keeping contributed to the loss of money paid on an unlawful warrant.

ID.—Discharge of Deceased Surety—Failure to Present Claim.—The liability of a surety on an official bond is not discharged by the failure of the county to present its claims arising on the bond to the executor of the estate for allowance, within the period fixed for notice to creditors.

Change of Findings After Judgment—Power of Court.—The court has no power to change its findings of fact in any material respect after final judgment, while the judgment is allowed to stand.

Appeal from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion.

*Graves, O'Melveney & Shankland,* for Appellant.

*H. C. Dillon,* and *Houghton, Silent & Campbell,* for Respondent.

Vanclief, C.—The defendant was one of the sureties on the official bond of J. W. Broaded, treasurer of plaintiff, for the term of two years commencing on the first Monday of January, 1887; and this action is upon that bond to recover $7,910.80 for alleged delinquencies of the treasurer during that term. Broaded died November 29, 1889, and this action was commenced May 5, 1890.

The cause was tried by the court, and judgment rendered for plaintiff for the sum of $7,371.60.

The defendant has appealed from the judgment, and also from an order denying his motion for a new trial.

The judgment includes the sum of $3,840, alleged to have been paid out of the school fund, by the treasurer, in June, 1888, to some person unknown to plaintiff, upon an auditor's warrant not based upon any order of the board of supervisors, nor upon any order of the superior court, nor upon any authority otherwise provided by law, with interest thereon from June 30, 1888, until the date of the judgment. The residue of the judgment is conceded to be right; so that the only points made by appellant relate to the question, whether or not the treasurer justifiably paid out of the school fund said sum of $3,840.

As to this payment from the school fund, the court, originally, found as follows:

"V. That in the month of June, 1888, said treasurer also paid out of the general school fund of said county the sum of $3,840, to some person unknown; that said payment was made upon what purported to be a county auditor's warrant, made payable to one C. H. Delevan, of whose existence no evidence was given, and which warrant cannot be found; that no requisition of said last-named money was ever made by the county superintendent of public schools upon the county auditor of said county, nor was any order therefor made by any board of trustees, nor by any board of education in or of said county, and said purported warrant was fraudulent and wholly without right, and was not based upon any claim against the school fund of said county."

The original findings, including the above, were filed July 28, 1892, and the judgment, signed by the judge, was filed and docketed on the same day, and *entered* on the next day—July 29th.

On August 3, 1892, the judge filed the following additional finding: "The court makes the following additional finding herein, the facts having been established on the trial of this action, to wit:

"The paper referred to in finding V, as said finding V

appears in the findings already filed in this cause, and which it is therein stated purported to be a county auditor's warrant, was regular on its face, was executed by the auditor or deputy auditor of said county, and the amount named therein and for which said warrant purported to be drawn was $3,840.

                              "W. H. CLARK,
                          "Judge of said court.

[Indorsed]: Filed August 3, 1892."

Counsel for appellant contend that, upon finding V and the above additional finding, the judgment should have been for defendant, as to the sum of three thousand eight hundred and forty dollars paid from the school fund.

But respondent contends: 1. That the additional finding is immaterial; and 2. That if it is material, it cannot be deemed a finding in the case, because made after the entry of the judgment, and without notice to respondent.

Assuming (without deciding) that the additional finding is equivalent to a finding that the warrant was genuine and contained in proper form, substantially, all things which the law requires in a warrant on the school fund, I think the additional finding is material, unless the treasurer had actual or constructive notice that the warrant was not based upon a lawful requisition of the county superintendent of schools.

The law has provided the treasurer with a check upon the auditor in all cases where warrants are drawn for claims allowed by the board of supervisors. Section 20 of the County Government Act requires the clerk of that board, immediately after the adjournment of each meeting, to prepare and certify duplicate lists " of all claims allowed and orders made for the payment of money," etc., to be countersigned by the chairman of the board; one of which lists must be delivered to and left with the treasurer, who is forbidden to pay any warrant for a claim allowed by the board, unless the claim or order upon which the warrant is based appears on

such list.   Warrants upon the school fund, however, are
not based upon orders of the board of supervisors, but
upon requisitions of the superintendent of schools,
which requisitions are based upon orders of the school
trustees or board of education.   (Pol. Code, sec. 1543.)
But the treasurer is not furnished with any list of the
requisitions of the school superintendent, nor of the
orders of the school trustees or board of education.   Nor
is there any provision of law requiring notice to the
treasurer of the orders or requisitions upon which war-
rants upon the school fund are based.

Section 70 of the County Government Act provides
that the county treasurer must . . . . disburse the
county moneys only on county warrants issued by the
county auditor, based on orders of the board of super-
visors, or upon order of the Superior Court, or as other-
wise provided by law."

Section 73 of the same act provides: " When a war-
rant is presented for payment, if there is money in the
treasury for that purpose, he must pay the same, and
write on the face thereof ' paid,' the date of payment,
and sign his name thereto, *provided, however,* that the
treasurer shall not receive, or pay, or indorse, any war-
rant until he shall have received from the clerk of the
board of supervisors the certified list mentioned in sub-
division four of section twenty of this act, and not then
unless the claim or order upon which said warrant is
based appears upon such list."

It is obvious that the proviso in this section was in-
tended to apply only to warrants based on orders of the
board of supervisors, since the claim or requisition upon
which a warrant on the school fund is based could not
appear upon any list of claims allowed by the board of
supervisors.   Therefore, when this section is to be ap-
plied to warrants on the school fund, the proviso should
be omitted.   Thus read, the section absolutely com-
mands the treasurer to pay a genuine auditor's warrant
on the school fund, if there " is money in the treasury
for that purpose."   And this is perfectly consistent with
C. Cal.—34

subdivision 6 of section 70, above quoted, which restricts the disbursement of county moneys to the payment of warrants " based on orders of the board of supervisors, or upon order of a superior court, or *as otherwise provided by law."* Section 73 (omitting the proviso) is a provision of law for the payment of warrants on the school fund, *otherwise* than on the condition that they are based on orders of the board of supervisors or superior courts; and fully answers the intention and purpose of the last clause of subdivision 6 of section 70, above italicized.    It must have been intended by the legislature that a genuine auditor's warrant upon the school fund, in regular and legal form, should justify the treasurer in paying it, unless the treasurer has notice that it was not based upon a lawful demand, or has notice of facts sufficient to put an ordinarily prudent treasurer upon inquiry, which, if diligently prosecuted, would lead to a discovery of the illegality of the claim upon which the warrant was founded; otherwise the legislature would have provided for him a check upon the auditor and all others for whose delinquencies he is to be held responsible, of the same kind as that provided in cases of warrants based on claims allowed by the board of supervisors, in which cases the treasurer may properly and without hardship be held severally liable with the auditor, if the warrant is not founded upon an apparently lawful order of the board.    But suppose the order of the board of supervisors is only apparently lawful, but really fraudulent and illegal, should either the auditor or treasurer be held liable, in case the warrant is drawn and paid ?    If not, why not? I think neither should be held liable, for the reason that neither had notice of the fraud or illegality, both being misled by the apparently regular and lawful order of the board.

Again, suppose the warrant on the school fund in this case had been based on an apparently valid requisition of the superintendent of schools, but that such requisition was not founded upon any order of the board of

school trustees nor board of education, would either the
auditor or treasurer be liable for the three thousand
eight hundred and forty dollars paid on the warrant?
If either would be liable, why not extend the liability
a step further back and hold them accountable for any
delinquency or fraud of school trustees or board of
education of which they had no notice?   When a genu-
ine warrant upon the school fund in legal form is pre-
sented for payment, to what extent must the treas-
urer review the action of the auditor, superintendent of
schools, and board of school trustees before he may
safely pay it?   If such genuine auditor's warrant does
not justify the payment, I see no reason why the addi-
tion of a genuine requisition of the superintendent of
schools, based upon no order of school trustees or board
of education, should justify it; since the treasurer can
no more be presumed to have notice of the want of a
proper requisition of the superintendent upon the
auditor, than of the want of a proper order of the school
trustees or board of education upon the superintendent.
If the treasurer is to be made responsible for the delin-
quencies of the auditor, the superintendent of schools,
and the school trustees, he should be supplied with lists
of all requisitions of the superintendent upon the
auditor, and of all orders of school trustees and boards
of education upon the superintendent; and even then
fraudulent claims might be allowed by school trustees
or boards of education upon which genuine requisitions
in due form might be made by the superintendent upon
the auditor.

While it has been often decided that treasurers and
their sureties are responsible on their official bond for
losses of public money by means of forgery, theft, and
robbery (Murfree on Official Bonds, sec. 197), no case
has been cited by counsel, and I have found none, in
which they have been held accountable for a loss result-
ing from payment of a genuine auditor's or controller's
warrant in due form, without notice, actual or construct-
ive, of any fraud or infirmity in the claim upon which

such warrant was based; and it would seem that to hold a treasurer accountable for the frauds, mistakes, or other delinquencies of the auditor, of which he has no notice, would be to hold that the so-called auditor's warrants for the payment of money from the treasury are delusive misnomers, since they warrant nothing.

I am of opinion, however, that the additional finding, though material, cannot be deemed a valid finding in the case. After the entry of final judgment the court had no power to change the findings of fact in any material respect. The superior court has power to set aside judgments and findings upon various grounds, as provided in the Code of Civil Procedure; but there is no provision of law authorizing any change in the findings of fact after the entry of final judgment thereon, while the judgment is allowed to stand. The entry of final judgment terminates the jurisdiction of the court over the cause and the parties, except as otherwise expressly provided by law. Hence, it is wholly immaterial whether the additional finding in this case was made upon notice to plaintiff or not. The court had no more power to make it upon notice than without notice.

Whether, and to what extent, findings may be changed by consent and agreement of the parties is not here involved; but however this may be, a change of findings thus made would be the act of the parties, and not of the court.

The following cases bear more or less directly upon the question as to the power of the court to change findings: *Condee* v. *Barton*, 62 Cal. 1; *Bate* v. *Miller*, 63 Cal. 233; *Wunderlin* v. *Cadogan*, 75 Cal. 618; *Smith* v. *Taylor*, 82 Cal. 544; *Brady* v. *Burke*, 90 Cal. 1.

Yet I think the original findings, filed before the entry of judgment, insufficient to support the judgment for the sum paid out of the school fund on warrant No. 1712, payable to Delevan.

" There is always a presumption of law that officers perform their duty, and whenever there is a charge made of official default, the burden of proof is upon the party

making the allegation. If, in an action on an official bond, the breach laid is the failure of the officer to discharge the duties of his office by refusing or neglecting to account for, and pay over as required by law, money which came to his hands, it is incumbent upon the plaintiff to prove what money did come to his hands, what amount he has not truly accounted for, and *in what respects* he has failed to do his duty." (Murfree on Official Bonds, sec. 593.) And such presumption in favor of the officer inures to the benefit of his sureties. (Murfree on Official Bonds, sec. 596.)

In the face of this presumption of law the original finding, No. 5, utterly fails to show that the treasurer failed to perform his duty in any respect, unless he was responsible for the delinquency or fraud of the auditor in drawing the warrant without a proper requisition therefor from the superintendent of schools, of which fraud or delinquency he had no notice. The finding that the "*warrant* was fraudulent and wholly without right" is not a finding that the treasurer was guilty of any fraud or wrong. And from the finding that "said payment was made upon what purported to be a county auditor's warrant, made payable to one C. H. Delevan, of whose existence no evidence was given, and which warrant cannot be found," the presumption must be, in the absence of any finding to the contrary, that the warrant was genuine, and complied with the law in form and substance; in other words, that it was what it "purported" to be. Nothing against the treasurer can be inferred from the fact that the warrant could not be found at the time of the trial.

The trial was three years after the warrant had been paid and presumptively deposited with the auditor, as required by section 80 of the County Government Act. That section requires the treasurer, on the first Monday in each month, to settle his accounts relating to the collection and disbursement of public revenue, and at such settlements to deposit all warrants redeemed by him, and take the auditor's receipt therefor. Such a receipt

from the auditor of all county warrants paid in the month of June, 1888, amounting to $188,162.74, including the sum of $3,840, for which the warrant in question was drawn, was offered in evidence by the defendant. But even if this receipt had not been produced, the presumption would be that the warrant (which "cannot be found"), if not in the possession of the auditor, who was the legal custodian thereof, must have been lost, destroyed, or otherwise disposed of by him.

The sixth finding—"That all of said payments were made by said treasurer wrongfully and without right or authority, and in violation of his duty as such treasurer"—consists of mere conclusions of law; and even if it could be regarded as a statement of facts, it is too general and indefinite.

The finding "That the said treasurer did not during his said term of office keep any books as required by subdivision 3 of section 70 of the County Government Act," does not state any particular in which the treasurer's books were deficient; and, consequently, does not show that any deficiency or irregularity in his bookkeeping contributed anything to the cause or causes of the loss of the money paid on the warrant to Delevan.

The liability of the defendant on the bond of Broaded was not discharged by the failure of the plaintiff to present its claims arising on that bond to the executor of the estate of Broaded for allowance within the period of ten months after publication of notice to creditors; and in so ruling the court did not err.

I think that so much of the judgment as appears to be based upon the payment by the treasurer, Broaded, of the auditor's warrant on the school fund for $3,840, payable to C. H. Delevan, should be reversed, and a new trial granted on the issue as to whether the defendant is accountable for the money paid on that warrant; but, as to the residue of the judgment not based upon the payment of that warrant, the order and judgment should be affirmed. Costs of the appeal to be taxed to the respondent.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion so much of the judgment as appears to be based upon the payment by the treasurer, Broaded, of the auditor's warrant on the school fund for $3,840, payable to C. H. Delevan, is reversed, and a new trial is granted on the issue as to whether the defendant is accountable for the money paid on that warrant.   As to the residue of the judgment not based upon the payment of that warrant, the order and judgment appealed from are affirmed. Costs of the appeal to be taxed to the respondent.

Fitzgerald, J., McFarland, J., De Haven, J.

A petition for a rehearing having been filed, the following opinion was rendered thereon on the 24th of January, 1894:

The Court.—Response to petition for rehearing.

The principal point decided in this case was that the county treasurer, when he has no notice of the illegality of the demand, or of the fact that no requisition has been made upon the auditor, or of any other fact to put him upon inquiry, may safely pay a warrant drawn upon the school fund if it is in due form and bears the genuine signature of the auditor or his deputy.   And the judgment of the superior court was reversed *on the findings* because, while they show that the money here in controversy was paid by the treasurer out of the school fund on what purported to be a warrant for the amount so paid, they do not show that such warrant was not genuine and in due form, and do not show any other fact that ought to have deterred the treasurer from making the payment on presentation of the warrant.

In their petition for a rehearing counsel for respondent contend that this proposition, conceding its soundness, has no application to this case because the findings show that the payment was made from the *general* school fund, whereas the law is that all county school moneys

must first be apportioned to the several school districts, and all requisitions made and warrants drawn upon the special funds so created; from which they argue that the warrant in this case having been drawn upon the general school fund (meaning, we suppose, the unapportioned school moneys) bears upon its face the evidence of its illegality. But the fact that the money was paid from the unapportioned school fund, while it may be evidence that the warrant was not drawn upon any special or district fund, is not conclusive evidence of such fact, and still less is it the equivalent of a finding to that effect. The finding only means that the treasurer charged the payment against the school fund without specifying the district, and it is quite consistent with this fact to suppose that the warrant may have been properly drawn against the fund of some particular district.

In short, the judgment is erroneous because not supported by findings definite and conclusive as to one point essential to the liability of the defendant.

Conceding, without deciding, that the law governing the disposition of county school moneys is as respondent states it, a warrant drawn upon the general fund would be illegal on its face, and not merely illegal in a technical sense, but would carry evidence that it was not based upon any lawful demand or requisition from the county superintendent. We have not held or intended to intimate that the treasurer and his sureties would not be liable for money paid on such a warrant.

But on the other hand if the warrant was, as we assume, regular on its face, and bore the genuine signature of the auditor, we do not think that the amount paid can be recovered in this action merely because the payment was charged to the wrong account.

Upon a new trial the facts as to the warrant may be proved and the findings so framed as to show whether it was legal on its face or not.

Rehearing denied.