[S. F. No. 608.  Department One.—January 5, 1898.]

## CAROLINE HAWXHURST, Appellant, v. J. RATHGEB, Sr., Respondent.

POWER OF ATTORNEY—SALE AND TRANSFER OF NOTES AND MORTGAGES—NO
POWER OF HYPOTHECATION CONFERRED.—A power of attorney authorizing
the attorney in fact to sell, transfer, and release certain mortgages
therein specified, and to indorse and transfer the notes thereby se-
cured, and to sell and transfer the claims of the principal for said
notes and mortgages against the estate of the deceased mortgagor,
and to receive payment of said claims and give acquittances therefor,
confers only a power to sell and transfer the title to the securities
absolutely, or, if not so sold, to collect them from the estate of the
deceased mortgagor, and no power is conferred thereby to hypothe-
cate the mortgages as security for borrowed money, and such hy-
pothecation, being in excess of authority is void, and vests no right
in the person to whom. the hypothecation is made.

ID.—ACTION BY HOLDER OF SECURITIES—DETERMINATION OF ADVERSE CLAIM—
FINDINGS AGAINST EXECUTION OF POWER—SPECIAL ORDER REFUSING NEW
TRIAL—CONSTRUCTION OF POWER—EFFECT UPON FINDINGS.—In an action
brought by the holder of a hypothecated note and mortgage which
had been transferred to plaintiff as security for money borrowed by
one claiming to act as attorney in fact for the mortgagee, to deter-
mine an adverse claim made thereto by the mortgagee, where the
court found that the power of attorney had not been executed by the
mortgagee, and that there was no authority for the hypothecation,
and rendered judgment for the defendant, and plaintiff moved for
a new trial on the alleged ground of insufficiency of the evidence
to sustain the findings, and the court denied the motion solely upon
the ground that the power of attorney, assuming it to be genuine,
conferred no power to assign the note and mortgage as security for
the individual debt of the attorney in fact, and stated that "other-
wise, a new trial would have been granted," *held*, that the recitals
in the order did not operate to change the findings as theretofore
existing, and that they remained as originally made, and could only
be set aside by the granting of a new trial.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.  J. M. Seawell, Judge.

The action was brought to determine an adverse claim of the
defendant as mortgagee to a note and mortgage hypothecated to
plaintiff by C. E. K. Royce, assuming to act as the attorney in
fact of the defendant.  Further facts are stated in the opinion of
the court.

E. J. & J. H. Moore, for Appellant.

R. Thompson, for Respondent.

VAN FLEET, J.—Appeal from judgment and order denying a new trial. The action involves the rights of the parties in two certain notes and mortgages executed by one Kunz to defendant, which plaintiff claims to own by virtue of an assignment and delivery thereof to her, made in defendant's name by one C. E. K. Royce, claiming to act as attorney in fact for defendant under an alleged power of attorney from defendant to said Royce.

The trial court found that defendant never executed the power of attorney to Royce, and that the latter had no authority to make the assignment of the securities, and gave judgment in favor of defendant.

Plaintiff moved for a new trial, on the ground, among others, of insufficiency of the evidence to warrant the findings. In passing upon this motion, the court made an order, the material part of which was as follows: "It is ordered that said plaintiff's motion for a new trial of this action be and the same is hereby denied. This order is made solely upon the ground that, even assuming that the letter of attorney from defendant to Royce was executed by defendant, it conferred upon Royce no power to assign the note and mortgage therein mentioned to secure his individual debt. Otherwise a new trial would have been granted."

Plaintiff contends that the effect of the language used by the court below, in its order denying a new trial, was to change and reverse its finding that defendant did not execute the power of attorney to Royce, and to substitute therefor a finding in favor of the due execution and authenticity of that instrument; and, as plaintiff further contends that the court misinterpreted the legal effect of the power of attorney in holding that it did not authorize Royce to assign the securities in question to secure his individual debt, her proposition is in substance that the judgment is left without support in the findings, and must be reversed.

But whatever the effect of the recitals in the order relied on by appellant, they did not operate to change the findings in

the case as theretofore existing. After findings have been filed, and judgment entered thereon, there is but one method by which those findings can be competently changed or modified—except perhaps in respect of a mere clerical error or misprision—and that is the mode pointed out by the statute, by the granting of a new trial. Until the findings are thus set aside, they must, under our present system, stand in their integrity as originally made. (*Pico v. Sepulveda*, 66 Cal. 336; *Thompson v. White*, 63 Cal. 505; Hayne on New Trial and Appeal, sec. 247, and cases cited.)

However, we deem it unnecessary to inquire further what the precise effect of those recitals of the order would have been upon plaintiff's rights had the court below been, as contended by appellant, in error as to the legal effect of the alleged power, since we are satisfied that not only was the learned judge clearly right in holding that the instrument gave Royce no power to assign the securities for his own debt, but further that it conferred no authority to assign them in pledge or mortgage for any purpose. Plaintiff says that the court has not found that Royce assigned the property as security for his own debt. We think the finding will bear no other construction. But, if this were otherwise, the facts as to the transaction are found, and very clearly show that the notes and mortgages were pledged as security for a loan of money. This transaction was not within the terms of the power conferred. The language of the power was "to sell, transfer, and release two certain mortgages executed by Gotthard Kunz" (describing them); "to indorse and transfer the notes secured by said mortgages; to sell and transfer my claims for said notes and mortgages filed in the superior court of said San Luis Obispo county, state of California, in the matter of the estate of said Gotthard Kunz, now deceased, and to receive payment of said claims, and give acquittances therefor." The effect of this language was to confer a power to sell and transfer the title to the securities absolutely, or, if not so sold, to collect them from the estate of Kunz. There is nothing in the language which by any proper construction purports to confer a power to pledge or hypothecate the securities for any purpose, or to borrow money thereon. The words "sell and transfer," as there used, are of no broader signification than the words "sell and convey" used with reference to a conveyance of

real estate, and the latter employed as the operative words in a power to convey land do not carry authority to mortgage or otherwise dispose of the property. (*Bloomer v. Waldron*, 3 Hill, 361, 366, 367; *Golinsky v. Allison*, 114 Cal. 458; *Dupont v. Wertheman*, 10 Cal. 354.) Whether, therefore, the power of attorney be genuine or not can make no difference to plaintiff. The act of Royce, being in excess of the authority conferred, was void, and vested no right in plaintiff. (*Frink v. Roe*, 70 Cal. 313, and cases above cited.)

We find no want in the evidence to support the findings, and the judgment and order must be affirmed.

It is so ordered.

Harrison, J., concurred.

BEATTY, C. J., concurring.—Considering the terms of the order denying a new trial, I should feel bound to hold it erroneous if I thought that the power of attorney from Rathgeb to Royce—assuming it to be genuine—conferred any authority to hypothecate the mortgages as security for borrowed money. But I am satisfied that the power of attorney, though genuine, conferred no such authority, and upon that ground I concur in the judgment of affirmance.

Hearing in Bank denied.