[L. A. No. 3104. Department One.—May 6, 1913.]

# W. J. HOLE, Appellant, v. M. TAKEKAWA, Respondent.

NEW TRIAL—TIME TO SERVE PROPOSED BILL OF EXCEPTIONS—PEND-
ENCY OF MOTION TO AMEND FINDINGS DOES NOT EXTEND TIME.—
Under subdivision 2 of sections 650 and 659 of the Code of Civil
Procedure, where a party has served and filed a notice of his in-
tention to move for a new trial, the motion for which was to be
made upon a bill of exceptions, his time to serve his proposed bill,
except so far as the same might have been extended, expired with
the expiration of ten days from the date of the service of his notice
of intention. The mere pendency of a motion by him to amend
the findings, subsequently made by him, could not extend the time.

ID.—MOTION TO AMEND FINDINGS NOT AUTHORIZED—FINDINGS OF FACT
CAN BE CHANGED ONLY AS RESULT OF NEW TRIAL GRANTED.—A
motion to amend or change any finding of fact is entirely unauthor-
ized by any provision of law and could not legally be granted.
Sections 663 and 663a of the Code of Civil Procedure, as applied
to a judgment based upon findings of fact made by a trial court,
simply authorize a motion to vacate the judgment to make it and
the conclusions of law consistent with and supported by the find-
ings of fact, and do not authorize any change in any finding of
fact. Except perhaps in the case of a mere clerical error or mis-
prision, the only mode under our system by which findings of fact
may be disturbed by the trial court, after they have been filed and
judgment has been entered thereon, is by the granting of a new
trial.

ID.—ORDER TO AMEND FINDINGS INEFFECTUAL.—An order of the trial
court, made in response to a motion therefor, purporting to change
one of the findings of fact, was ineffectual for any purpose. It in
no way affected the judgment given and entered prior thereto, and
no new findings or judgment could be legally filed or made.

ID.—STIPULATION EXTENDING TIME TO SERVE BILL OF EXCEPTIONS—
TIME COMMENCING TO RUN FROM DATE OF ORDER.—Where, by stipu-
lation, a party who had given notice of his intention to move for
a new trial had the time in which to serve his proposed bill of
exceptions extended so that it commenced to run on the day on
which an order was made on his motion to amend the findings, the
time for filing his proposed bill did not extend beyond the ex-
piration of ten days after receiving notice of the making of such
order.

ID.—NEGLECT IN SERVING PROPOSED BILL IN TIME—REFUSAL TO RE-
LIEVE FROM DEFAULT—DISCRETION NOT ABUSED.—It was not an
abuse of discretion for the trial court to refuse to relieve such

moving party from the effect of a failure to serve his proposed bill in time, where he neglected to serve it for a period of one hundred days after receiving notice of the order made on his motion to amend the findings, and for twenty-nine days after the subsequent service upon him of a notice informing him of the making, filing, and entry of the. original findings and judgment, and of the amendment to the findings, and that the conclusions of law and judgment "were and are unchanged" as when originally filed.

ID.—DISCRETION OF TRIAL COURT—APPLICATIONS FOR RELIEF FROM DEFAULT—REVIEW ON APPEAL.—The trial court is invested with a large discretion in applications, under section 473 of the Code of Civil Procedure, to be relieved from the effects of such a default, and its action will not be disturbed on appeal unless it is clearly made to appear that such discretion has been abused. This is true whether the application be granted or refused.

APPEAL from an order of the Superior Court of Orange County denying a motion for relief from the effect of a failure to present within the time allowed by law a proposed bill of exceptions for use on a motion for a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, and Watkins & Blodget, for Appellant.

John W. Kemp, and Kemp, Mitchell & Silberberg, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from an order denying his motion for relief under section 473 of the Code of Civil Procedure from the effect of his failure to present within the time allowed by law his proposed bill of exceptions for use on a motion for new trial in the above entitled action. The judge refused to settle such bill on May 8, 1911, on the ground that the same had not been served within the time required by law. On June 9, 1911, the motion for relief was made, the grounds thereof being "mistake, inadvertence, surprise and excusable neglect," and this motion was denied on June 16, 1911.

The bill of exceptions on appeal from the order denying relief shows that the action was one for the specific perform-

ance of an alleged contract for the sale of real estate. The action was tried May 31, 1910. Decision in writing (findings of fact and conclusions of law) was filed, and judgment that plaintiff take nothing was given and entered early in July, 1910, and plaintiff was given notice of the entry of judgment, together with a copy of the findings, as early as July 15, 1910. Within ten days after such notice, plaintiff served and filed his notice of intention to move for a new trial. Plaintiff was desirous that certain of the findings of fact be amended on motion, and various stipulations were made extending the time of plaintiff to prepare and serve his bill of exceptions in order that he might defer such serving and filing until such motion could be made and determined. Finally, in November, 1910, stipulation was made by the attorneys for both parties, "that the motion to amend or change the findings of fact and conclusions of law will be heard on the 10th day of November, 1910, and the time to appeal or make motion for new trial will immediately commence on the day on which the order is made on such motion; that this stipulation hereby sets aside and abrogates any and all stipulations heretofore made in regard thereto." No stipulation or order purporting to extend plaintiff's time was subsequently made. The motion to amend was heard, and on December 16, 1910, the court made and filed its order, which was signed by the judge, purporting to strike out a certain finding of fact as to the value of the land at the time of the signing of the alleged contract of sale, and the increase of value thereafter, and to substitute in lieu thereof a new one in regard to the same matters, but showing a lesser value and a smaller increase in value, and adjudging that in all other respects the findings stand as they were originally made and filed. A copy of this order was sent to and received by certain of the attorneys of record for plaintiff on December 17, 1910. On one side it is claimed and on the other it is denied that there were subsequently certain conversations between attorneys for the respective parties as to the necessity of preparing and having filed new findings and a new judgment, in which one of the attorneys for defendant stated that he proposed to so do. On this proposition, however, there is a sufficient conflict in the evidence to make the case solely one for the trial court. On March 2, 1911, defend-

ant's attorneys served on the attorneys for plaintiff a formal written notice to the effect that findings of fact, conclusions of law, and judgment for defendant were duly and regularly signed and made on July 6, 1910, and filed and entered by the clerk on July 7, 1910; that the court, in pursuance of the motion of plaintiff, on December 16, 1910, made and signed an amendment to the findings of fact, and that such amendment was filed with the clerk, and by him duly entered on February 8, 1911; and that the conclusions of law and judgment in said action "were and are unchanged as when filed on said 7th day of July, 1910." No attempt was made by plaintiff's counsel to serve any proposed bill of exceptions until March 31, 1911. The only excuse for not serving the same sooner is that the particular attorney of plaintiff having the matter in charge was uncertain whether, in view of the purported amendment of one of the findings, new findings and judgment would be prepared and filed. He admits in his affidavit that he was informed on March 2, 1911, by Mr. Noyes, an attorney for defendant, at the time of the service of the notice, that defendant would not file new findings and judgment. Seasonable objection was made by defendant to the consideration of such proposed bill.

Except in so far as the time to serve the proposed bill of exceptions on motion for a new trial was extended by reason of the stipulations of the parties, plaintiff's time expired with the expiration of ten days from the date of the service of his notice of intention to move for a new trial. (Code Civ. Proc., sec. 659, subd. 2, and sec. 650.) The mere pendency of the motion to amend, subsequently made by plaintiff, could not extend the time. And in so far as plaintiff's motion was one to amend or change any finding of fact, it was entirely unauthorized by any provision of law, and could not legally be granted. Sections 663 and 663a of the Code of Civil Procedure authorize no such procedure. The language of these sections is entirely free from ambiguity and leaves no room for doubt as to what is authorized thereby. As applied to a judgment based upon findings of fact made by a trial court, the sections simply authorize a motion to vacate the judgment to make it and the conclusions of law consistent with and supported by the findings of fact, and do not authorize any change in any finding of fact. "Section 663 of the Code of

Civil Procedure authorizes simply the substitution of the judgment that should have been given as a matter of law upon the findings of fact in a case where the judgment already given is an incorrect conclusion from such findings. The court cannot on such a motion in any way change any finding of fact. The sole remedy in the trial court of a party who is aggrieved by any finding of fact is a motion for a new trial." (*Dahlberg* v. *Girsch,* 157 Cal. 324, 327, [107 Pac. 616, 619].) The only mode under our system by which findings of fact may be disturbed by the trial court after they have been filed and judgment has been entered thereon, "except perhaps in respect of a mere clerical error or misprision," is by the granting of a new trial. (*Hawxhurst* v. *Rathgeb,* 119 Cal. 531, [63 Am. St. Rep. 142, 51 Pac. 846]; *Los Angeles* v. *Lankershim,* 100 Cal. 532, [35 Pac. 153, 556]; *Pico* v. *Sepulveda,* 66 Cal. 336, [5 Pac. 515].) The order of December 16, 1911, purporting to change one of the findings of fact, was therefore ineffectual for any purpose. It, of course, in no way affected the judgment given and entered long prior thereto, and no new findings or judgment could be legally filed or made.

We will assume, going as far as we can in favor of plaintiff, that the effect of the stipulation of November, 1910, which in terms abrogated all previous stipulations, was to so extend plaintiff's time to serve his proposed bill of exceptions that the same commenced to run "on the day on which the order is made on such motion," which was December 16, 1910, or at least as early as the day on which defendant was notified of the order,—namely, December 17, 1910. This gave him not longer than ten days from the date last mentioned, and as no stipulation or order for further time was given, his time expired at the expiration of said ten days. The trial court was therefore compelled to hold that the proposed bill served on March 27, 1911, was not served in time.

We are not prepared to hold that there would have been any abuse of discretion on the part of the trial judge in denying the motion for relief, even if the notice of March 2, 1911, had not been given. It may well be argued that there was nothing shown to reasonably warrant any reliance on the part of plaintiff's attorneys upon the idea that new findings and judgment could legally be filed or given or that the time to

serve the proposed bill of exceptions on the motion for new
trial of which notice was given in July, 1910, was extended
beyond ten days from December 17, 1910.

However this may be, in view of the notice of March 2,
1911, twenty-nine days prior to the attempted service of any
bill, and the admitted statement of Mr. Noyes at the time
of serving such notice, we are clear there is no foundation
for any claim that the court was guilty of any abuse of dis-
cretion in holding that plaintiff was not entitled to be relieved
from his default. Even if it was thought that the attempted
change in the finding of fact was effectual, it was clear from
the terms of the order signed by the judge and filed, that the
change was effected by the making and filing of the order,
and that it was not necessary to have a new set of findings,
including the amendment, signed and filed, or a new judgment
given. The notice given to the attorney for plaintiff on
March 2, 1911, and the statement of defendant's attorney
made to plaintiff's attorney at the time of the service of such
notice, clearly conveyed to plaintiff's attorney knowledge that
defendant's attorneys did not intend to prepare or present
any additional findings or judgment. Plaintiff's attorney had
no information that the judge desired to make or file any
additional findings or judgment, and no reason is apparent
why he might conceive that the judge would so desire. No
reason at all is apparent why plaintiff's attorney might fairly
assume that the time to present plaintiff's proposed bill of
exceptions if it had not already long since expired, would
not certainly expire with the expiration of ten days from
March 2, 1911, in the absence of further stipulation or an
order of extension.

It is well settled that the trial court is invested with a
large discretion in the matter of such applications as this,
and that its action will not be disturbed on appeal unless it is
clearly made to appear that such discretion has been abused.
This is true whether the application be granted or refused.
(*Moore* v. *Thompson,* 138 Cal. 23, 26, [70 Pac. 930].) Of
course, where the trial court has any serious doubt as to the
matter, it should resolve the doubt in favor of the application,
so that the full merits of the litigation may be presented.
But in this case, as we have said, we are satisfied that it can-

not fairly be held that the trial court was guilty of any abuse of discretion in denying the motion for relief.

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.