[Civ. No. 4635.  Second Appellate District, Division Two.—January 10, 1928.]

GEORGE HERZ, Respondent, v. C. D. HEREFORD, Appellant.

H. E. Gleason for Appellant.

Jas. W. Glassford for Respondent.

STEPHENS, J., *pro tem.*—Findings of fact, conclusions of law, and judgment for plaintiff were signed by the trial judge in this case and duly filed. Thereafter defendant, appellant herein, moved the court to set aside the judgment entered and to enter in its stead judgment for defendant on the ground that the judgment was not supported by the

findings. (Secs. 663, 663a, Code Civ. Proc.) At the conclusion of the presentation of this motion, and on the fifteenth day of June, 1923, the court made the following order:

"The motion of the defendant to vacate the judgment herein coming on to be heard, and it appearing to the court that the findings and judgment herein were prepared and submitted by the attorney for defendant, and that the defects in the complaint therein were never called to the attention of the court by the defendant's attorney until after the entry of judgment herein, and that the complaint herein should have been amended before entry of judgment to conform to the facts proved, and that defendant's demurrer to the third cause of action of plaintiff's complaint should have been sustained, now, therefore, the plaintiff, in open court consenting, it is ordered that the findings of fact, conclusions of law and judgment herein are hereby vacated, and the demurrer to plaintiff's complaint is sustained and plaintiff is given ten days to amend the same."

That the trial court was in error when it stated in its order that the defects of the complaint had never been called to its attention is established. A demurrer to the effect that neither alleged cause of action attempted to be stated in the complaint contained allegations of fact sufficient to state a cause of action was interposed, and, by statement of counsel for each party in their briefs, was argued to the court but before another judge.

While the order does not specifically deny the motion presented, it is inconsistent therewith and is in effect a denial thereof. The defendant appeals from the parts of said order which refuse to enter judgment in his favor on the findings of fact and which purport to set aside the findings of fact and to allow plaintiff ten days to amend his complaint.

The court exceeded its jurisdiction in making said order. It could not set aside or change its findings, no matter by whom they were prepared, and it follows, of course, that it had no power after findings were signed to grant time to plaintiff to amend his complaint, and such order as to these two points was void. (*Akley* v. *Bassett*, 189 Cal. 625, 635 [209 Pac. 576]; *Dahlberg* v. *Girsch*, 157

Cal. 325 [107 Pac. 616]; *Hole* v. *Takekawa,* 165 Cal. 372, 375 [132 Pac. 445]; *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001].)

There is no allegation in the complaint, nor is there any finding, that plaintiff owned the land or had any right to its possession; nor is there any finding as to nonpayment of the rental or reasonable value of use and occupation of the land. (*Richmond Wharf & Dock Co.* v. *Blake,* 181 Cal. 454–457 [185 Pac. 184]; *Imperial Valley L. Co.* v. *Globe G. & M. Co.,* 187 Cal. 352, 354 [202 Pac. 129]; *Stringer* v. *Davis,* 30 Cal. 318, 321.)

That part of the order appealed from is reversed, and the lower court is instructed to make and enter conclusions of law that the defendant is entitled to a judgment for his costs and to enter a judgment accordingly.

Craig, Acting P. J., and Thompson, J., concurred.