[Civ. No. 11287. Second Appellate District, Division One.—December 23, 1937.]

C. W. JONES, Appellant, v. J. B. CLOVER, Respondent.

Carl B. Sturzenacker, Arthur S. Guerin and Hal Hughes for Appellant.

George B. Bush for Respondent.

WHITE, J.—This is an action to recover upon certain promissory notes in favor of plaintiff. After trial, the court made and entered its judgment, for the plaintiff and against the defendant, in the sum of $10,460, together with costs and attorney's fees. Thereafter, defendant Clover moved for a new trial and at the same time moved for the entry of another and different judgment upon the same findings theretofore made. However, on February 23, 1933, the following order was made by the trial court: ''The findings filed January 5, 1933, and the judgment entered January 6, 1933, are hereby vacated and set aside and new findings be filed and judgment be entered in favor of plaintiff in the sum of $295.00.'' Thereafter, the court, *sua sponte*, entered the following and additional order: ''In this entitled action the Order of February 23, 1933, as to the amount of judgment, namely, $295.00, is hereby vacated and set aside and in place substitute '$400.00 and $460.00 attorney fees'.''

Following this, the court made new findings of fact as well as new conclusions of law, which were entered on March 30, 1933, and under which judgment was awarded to the plaintiff in the principal sum of $400, together with $460 attorney's fees. This latter judgment, together with the findings and conclusions supporting it, was entered April 3, 1933. Thereafter, plaintiff moved for a new trial, which motion was denied by lapse of time without any action on the part of the trial court.

Several grounds for reversal are urged by appellant, but we shall first give consideration to the claim that the court was without power to alter its findings under sections 663 and 663a of the Code of Civil Procedure. If appellant's contention in this respect be upheld, it is determinative of this appeal. The aforesaid sections of the Code of Civil Procedure authorize the setting aside of a judgment by the court which rendered it and the entry of another and different judgment, when incorrect or erroneous conclusions of law, not consistent with nor supported by the findings of fact, are shown, in which case, after the judgment is set aside, the conclusions of law shall be amended as corrected. The limits set by these sections cannot be transgressed. They

in no case authorize an attack upon the findings. In *Dahlberg* v. *Girsch,* 157 Cal. 324, 327 [107 Pac. 616, 619], our Supreme Court says: "Section 663 of the Code of Civil Procedure authorizes simply the substitution of the judgment that should have been given as a matter of law upon the findings of fact in a case where the judgment already given is an incorrect conclusion from such findings. The court cannot on such a motion in any way change any finding of fact. The sole remedy in the trial court of a party who is aggrieved by any finding of fact is a motion for a new trial."

In *Stanton* v. *Superior Court,* 202 Cal. 478, 487 [261 Pac. 1001], it was held that the only method, under our system, by which findings may be disturbed by the trial court after they have been filed and judgment has been entered thereon, except perhaps in respect to a mere clerical error or misprision, is by the granting of a new trial. (See, also, *Hawxhurst* v. *Rathgeb,* 119 Cal. 531 [51 Pac. 846, 63 Am. St. Rep. 142]; *Los Angeles County* v. *Lankershim,* 100 Cal. 525 [35 Pac. 153, 556]; *Hole* v. *Takekawa,* 165 Cal. 372, 375, 376 [132 Pac. 445]; *Pico* v. *Sepulveda,* 66 Cal. 336 [5 Pac. 515].)

The order of February 23, 1933, purporting to set aside the findings of fact and substitute new findings was therefore ineffectual for any purpose, as the court was limited to the substitution of the judgment that should have been given as a matter of law upon the findings of fact, if the judgment already given was an incorrect conclusion from such findings.

The foregoing conclusion at which we have arrived makes it unnecessary to consider or decide other points raised.

The judgment from which this appeal is taken, and which was entered April 3, 1933, is reversed, and the cause remanded, with directions to the court below to reenter the original judgment entered by the court on January 6, 1933.

York, P. J., and Doran, J., concurred.