[Civ. No. 32841.   Second Dist., Div. Five.   Sept. 16, 1969.]

WARREN SOUTHWEST, INC., Plaintiff and Respondent, v.
C. H. WICKS, Defendant and Appellant.

Anderson, McPharlin & Conners and Luther L. Jensen for Defendant and Appellant.

Bunn & Bunn and Thomas S. Bunn, Jr., for Plaintiff and Respondent.

AISO, J.—The pivotal issue: Is the minute order of July 26, 1967, reading, ''Motion for new and different judgment granted. Motion for new trial denied. Counsel notified this date, by copies of Memo filed this date'' to be construed as an order made under section 663 or section 662 of the Code of Civil Procedure?[1] We have concluded for the reasons set forth below that it should be deemed to be an order made under section 662 and that the judgment and order appealed from should be affirmed.

## I.

Plaintiff, Warren Southwest, Inc., brought an action to recover the value of a tandem-roller, which defendant, C. H. Wicks, had rented from plaintiff and which was demolished totally while in possession and control of defendant. Plaintiff based its action on the theory that defendant was a bailee for hire and negligent. In addition to damages for the roller itself, plaintiff prayed for the amount of the agreed rental, for loss of use, and for cost of removing the wrecked roller.

Defendant appropriately denied the allegations setting up plaintiff's theory of recovery. The pretrial order further deemed plaintiff's complaint ''amended to allege a permissive bailment, as well as bailment for hire'' and defendant's answer amended to allege that plaintiff's agent was operating the roller at the time of the accident.

The case was tried to a court sitting without a jury. Findings of fact and conclusions of law were waived. On May 26, 1967, the trial court signed a judgment (entered May 29,

---

[1]Section 663 provides in part pertinent here: ''A judgment . . . , when based upon findings of fact made by the court, . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of such party and entitling him to a different judgment: 1. Incorrect or erroneous conclusions of law not consistent with or not supported by the findings of fact; and in such case when the judgment is set aside, the conclusions of law shall be amended and corrected. . . .''

Section 662 provides: ''In ruling on such motion [for new trial], in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code.''

1967) that plaintiff recover the sum of $50 (for rental only) from defendant, and each party bear its own costs.

On May 24, 1967, counsel signed a stipulation whereby it be deemed that the trial court had made an oral finding of fact that "the defendant, C. H. WICKS, was the bailee for hire of the plaintiff's tandem roller and that said bailment continued to and including the time of the destruction of said roller." The court signed its order, "IT IS SO ORDERED" on the stipulation, which was filed May 26, 1967, a date prior to the entry of the original judgment.

Thereafter plaintiff filed its motions: (1) for a new trial under sections 657 and 659 of the Code of Civil Procedure upon the grounds of (a) insufficiency of the evidence and (b) the decision is against the law; and (2) "to set aside and vacate decision and enter another and different decision and judgment" under sections 663 and 663a of the Code of Civil Procedure.

On July 26, 1967, the trial court filed its memorandum of decision, which provided inter alia: "The Court concludes, on further consideration, that the defendant was not without fault. . . . The motion to enter a new and different judgment is granted. Judgment is ordered for the plaintiff for $3,305, which is composed of $3,000 for the value of the roller, $255 for consequential expenses, and $50 for rental. The plaintiff is to prepare findings and a new judgment. The motion for a new trial is denied." This was followed by the minute order set forth at the beginning of this opinion.

Thereafter, written findings and conclusions holding defendant negligent (on theory of *respondeat superior*) and liable to plaintiff in the total amount of $3,305 were signed and filed on September 26, 1967, along with a judgment in accordance with the new findings and conclusions. This judgment was entered September 27, 1967.

Defendant appeals from this later judgment and the order of July 26, 1967.

## II.

Defendant contends that the court's minute order of July 26, 1967, was made under section 663 of the Code of Civil Procedure. He further argues that the finding of defendant's negligence[2] was a change of an earlier implied finding of non-negligence when the case was submitted to the court for deci-

[2]For purposes of findings, negligence is deemed to be an ultimate fact. (See, e.g., *Wishart* v. *Claudio* (1962) 207 Cal.App.2d 151, 153 [24 Cal. Rptr. 398]; *Taylor* v. *Gear* (1952) 108 Cal.App.2d 517, 521 [239 P. 11].)

sion with findings waived (*Gray* v. *Gray* (1921) 185 Cal. 598, 599 [197 P. 945]) ; that a change in findings of fact cannot be effected under section 663 (*Akley* v. *Bassett* (1922) 189 Cal. 625, 635 [209 P. 576] ; *Herz* v. *Hereford* (1928) 88 Cal.App. 290, 291 [263 P. 382]) ; that it may only be done under a motion for a new trial (*Stanton* v. *Superior Court* (1927) 202 Cal. 478, 487 [261 P. 1001] [overruled on another ground, *Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 370 [217 P.2d 951]] ; *Jones* v. *Clover* (1937) 24 Cal.App.2d 210, 212 [74 P.2d 517]) ; but that here the trial court denied the motion for new trial.

■ However, the cases have held that under section 662 of the Code of Civil Procedure, the trial court may make new findings and modify the judgment even when denying the motion for new trial. (E.g., *Spier* v. *Lang* (1935) 4 Cal.2d 711, 713-714 [53 P.2d 138].) It has been further held that where the trial court makes new findings and orders counsel to prepare new findings and conclusions and a new judgment, it will be deemed that the court acted pursuant to section 662 which will give effect to its acts, even though it mistakenly purports to act under section 663. (*Gardner* v. *Rich Mfg. Co.* (1945) 68 Cal.App.2d 725, 740-741 [158 P.2d 23] ; *Gossman* v. *Gossman* (1942) 52 Cal.App.2d 184, 198-199 [126 P.2d 178] ; *Moklofsky* v. *Moklofsky* (1947) 79 Cal.App.2d 259, 264 [179 P.2d 628].) ■ Resort may be had to the court's memorandum of decision to ascertain the grounds of its decision (*Arruda* v. *Arruda* (1963) 218 Cal.App.2d 410, 417 [32 Cal. Rptr. 257]), to learn the process by which it reached its decision (*Wechsler* v. *Capitol Trailer Sales, Inc.* (1963) 220 Cal. App.2d 252, 262 [33 Cal.Rptr. 680]), or to ascertain its theory of decision (*Estate of Johnson* (1966) 240 Cal.App.2d 742, 747 [50 Cal.Rptr. 147]). ■ Under the motion for a new trial and section 662, the trial court was free to reweigh the evidence, make new findings, and reconsider its previous rulings on the law.

We, therefore, find no prejudicial error in the actions of the trial court despite the ambiguous order which it made on July 26, 1967. It therefore becomes unnecessary to discuss the other matters argued by counsel in their respective briefs.

### III.

The judgment and order appealed from are both affirmed.

Stephens, Acting P. J., and Reppy, J., concurred.