Filed 9/30/13  Rasooly v. Rasooly CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LINDA RASOOLY,<br><br>        Respondent,<br><br>v.<br><br>REUVEN RASOOLY,<br><br>        Appellant;<br><br>CONTRA COSTA COUNTY<br>DEPARTMENT OF CHILD SUPPORT<br>SERVICES,<br><br>        Intervener and Respondent. | A136075<br><br>(Contra Costa County<br>Super. Ct. No. F0901471) |

This appeal arises from a child support dispute involving appellant Reuven Rasooly (Reuven), his former spouse respondent Linda Rasooly (Linda),[1] and intervener and respondent Contra Costa County Department of Child Support Services (Department).  The trial court ordered that an Israeli court order requiring Reuven to pay child support to Linda be registered for enforcement in California.  The court later denied Reuven's motion to vacate that decision.  Reuven appealed both the decision registering the Israeli court order and the denial of the motion to vacate.  We dismiss as untimely Reuven's appeal of the trial court's decision ordering registration of the Israeli order, and we affirm the trial court's denial of the motion to vacate.

---

[1] We refer to the parties by their first names for purposes of clarity and not out of disrespect.  (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1.)

1

## I. BACKGROUND

On March 9, 2012, the trial court issued a decision ordering that a 2001 Israeli court order requiring Reuven to pay child support to Linda be registered for enforcement in California pursuant to Family Code section 4951. The court ruled the Israeli support order is enforceable in the same manner as a California court support order. The trial court clerk mailed the decision to the parties on March 9, 2012. The trial court entered a statement of registration of the Israeli support order on March 12, 2012, and the clerk mailed the statement to the parties the same day.

On March 23, 2012, Reuven filed a motion to vacate the March 9, 2012 decision pursuant to Code of Civil Procedure section 663.[2] Reuven filed a supplemental motion to vacate on April 19, 2012. After a hearing on May 25, 2012, the trial court issued an order denying the motion to vacate on July 11, 2012. The court clerk mailed that order to the parties on July 11, 2012.

On July 23, 2012, Reuven filed a notice of appeal from the March 9, 2012 decision and the July 11, 2012 order denying the motion to vacate.

## II. DISCUSSION

### A. Reuven's Appeal of the March 9, 2012 Decision is Untimely

Department moved to dismiss Reuven's appeal of the March 9, 2012 decision as untimely. We took the motion under submission to be decided with the merits of the appeal. We now grant the motion and dismiss Reuven's appeal of the March 9, 2012 decision.

Rule 8.104(a)(1) of the California Rules of Court[3] states: "Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[3] All rule references are to the California Rules of Court.

notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." The superior court clerk served a file-stamped copy of the March 9, 2012 decision on Reuven on March 9, 2012. Accordingly, the last day for Reuven to file a timely notice of appeal from that decision was May 8, 2012, unless "a statute or rule 8.108 provides otherwise." (Rule 8.104(a)(1).)

Rule 8.108(c) states: "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment." Reuven filed his notice of motion and motion to vacate the March 9, 2012 decision pursuant to section 663 on March 23, 2012. Because Reuven filed that notice within the time prescribed by rule 8.104 to appeal from the March 9, 2012 decision, the time to appeal that decision was extended to the earliest of the three events outlined in rule 8.108(c).

The trial court clerk served the order denying Reuven's motion to vacate on July 11, 2012. Accordingly, the first potential deadline, under rule 8.108(c)(1), was 30 days later on August 10, 2012. The second potential deadline, under rule 8.108(c)(2), was June 21, 2012, 90 days after Reuven filed his March 23, 2012 notice of motion and motion to vacate. Finally, if rule 8.108(c)(3) governed, the deadline for filing a notice of appeal would be 180 days after the March 9, 2012 decision, i.e., September 5, 2012.

The earliest of these three dates, which is the controlling date under the rule, was June 21, 2012, 90 days after Reuven filed his motion to vacate the judgment. Reuven did

3

not file his notice of appeal until July 23, 2012. His appeal of the March 9, 2012 decision is untimely.[4]

Reuven argues the earliest of the three potential deadlines outlined above was 30 days after the trial court clerk served the order denying his motion to vacate (i.e., August 10, 2012), and his notice of appeal filed on July 23, 2012, was therefore timely. This is incorrect. As noted, the earliest of the three potential deadlines, and therefore the controlling date under rule 8.108(c), was June 21, 2012, 90 days after Reuven filed his motion to vacate.

"Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional. [Citations.] If a notice of appeal is not timely, the appellate court *must* dismiss the appeal. [Citations.]" (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1573; rule 8.104(b).) We shall dismiss Reuven's appeal of the March 9, 2012 decision.

**B.      The Trial Court Correctly Denied the Motion to Vacate**

Section 663 provides: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. [¶] 2. A judgment or decree not consistent with or not supported by the special verdict."

A party may bring a motion to vacate under section 663 only when "the trial judge draws an incorrect legal conclusion or renders an erroneous judgment *upon the facts found by it to exist.*" (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 738, italics

---

[4] Department also contends rule 8.108(c) did not extend the time for Reuven to file a notice of appeal because Reuven's motion to vacate was not a "valid" motion. (See rule 8.108(c).) We need not address this argument because, even if the motion was "valid" for purposes of extending time under rule 8.108(c), Reuven filed his notice of appeal after the extended deadline.

4

added; *Payne v. Rader, supra,* 167 Cal.App.4th at p. 1573.)  The procedure outlined in section 663 "is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted."  (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203; accord, *Simac Design, Inc. v. Alciati* (1979) 92 Cal.App.3d 146, 153.)  The procedure is distinct from a motion for a new trial, which permits a party to argue the evidence is insufficient to support the findings.  (*Simac Design, Inc. v. Alciati, supra,* at p. 153.)  In ruling on a section 663 motion, the court cannot change any finding of fact.  (*Akley v. Bassett* (1922) 189 Cal. 625, 635; *Glen Hill Farm, LLC v. California Horse Racing Bd.* (2010) 189 Cal.App.4th 1296, 1302; *Jones v. Clover* (1937) 24 Cal.App.2d 210, 212.)

In his motion to vacate, Reuven did not argue the facts found by the trial court compelled the court to reach a different legal conclusion or to enter a different judgment.  Instead, Reuven contended the trial court's factual findings were incorrect or were not supported by the evidence.  In his initial motion (filed on March 23, 2012), Reuven claimed the decision was based in part on 22 "material, erroneous facts"; in his supplemental motion (filed on April 19, 2012), Reuven asserted the decision was based in part on 71 "inaccurate findings of material facts."  In both pleadings, Reuven emphasized his motion was based on "factual grounds," and he challenged the accuracy of specific factual statements made by the trial court in its decision.  For example, Reuven argued the court made inaccurate statements about (1) whether Reuven had made child support payments, (2) the amount of support currently owed by Reuven, (3) whether there was evidence Linda committed fraud during prior court proceedings, (4) whether Reuven had notice of, and the opportunity to participate in, Israeli court proceedings, and (5) whether Reuven unreasonably delayed the process for Linda to obtain a religious divorce from Israeli courts.

Because Reuven challenged the correctness of the trial court's factual findings and statements, rather than arguing the facts found by the court compelled entry of a different judgment, he did not seek relief the trial court could grant under section 663.  (See § 663;

*County of Alameda v. Carleson, supra,* 5 Cal.3d at p. 738; *Simac Design, Inc. v. Alciati, supra,* 92 Cal.App.3d at p. 153; *Glen Hill Farm, LLC v. California Horse Racing Bd., supra,* 189 Cal.App.4th at p. 1302.) The trial court was correct in concluding Reuven's motion raised "no incorrect or erroneous legal basis for the court's decision as required by [section 663]." We therefore affirm the court's July 11, 2012 order denying the motion to vacate.[5]

In his reply brief, Reuven argues generally that a trial court has discretion to construe a party's posttrial motion based on the relief requested by the party. (See *Shapiro v. Prudential Property & Casualty Co.* (1997) 52 Cal.App.4th 722, 727 [trial court acted within its discretion in treating motion to vacate as motion for new trial on damages].) But Reuven does not argue, and he has not shown, that the trial court here abused its discretion by construing Reuven's motion as a motion to vacate under section 663, consistent with the label Reuven used. On appeal, we decline to construe Reuven's motion as something other than a motion to vacate under section 663. (See *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1608 ["generally, appellate courts should not construe a motion expressly identified as being a particular motion to be an entirely different motion in the appellate court"].)

### III. DISPOSITION

Department's motion to dismiss Reuven's appeal of the trial court's March 9, 2012 decision is granted. Reuven's appeal of the March 9, 2012 decision is dismissed.

The trial court's July 11, 2012 order denying Reuven's motion to vacate the March 9, 2012 decision is affirmed.

Department and Linda shall recover their costs on appeal.

---

[5] We do not reach Department's arguments that the July 11, 2012 order should be affirmed on other grounds, such as Department's contentions that (1) Reuven forfeited his appellate challenge to the July 11, 2012 order by failing to cite authority supporting his position, (2) Reuven's supplemental motion to vacate was untimely, and (3) the legal conclusions in the trial court's March 9, 2012 decision were correct. We also do not reach Reuven's and Linda's arguments about the Israeli court proceedings and the factual background of the parties' dispute.

6

_____
Sepulveda, J.*

We concur:

_____
Margulies, Acting P.J.

_____
Banke, J.

* Retired Associate Justice of the Court of Appeal, First Appellate District, Division
Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California
Constitution.