JOHN H. O'BRIEN v. CITY OF ST. PAUL.

May 13, 1898.

Nos. 10,974—(120).

**Municipal Corporation—Policeman—Ineligibility to Office—Liability of City for Services.**

The plaintiff was ineligible to the office of policeman of the defendant city. He was, however, appointed to such office by the mayor, and assigned to duty by the chief of police; but the assembly refused to confirm his appointment. He discharged the duties of the office pending the question of his confirmation for 28 days. *Held*, that there is no legal liability on the part of the city to pay for such services.

Appeal by defendant from an order of the district court for Ramsey county, O. B. Lewis, J., sustaining a demurrer to the answer. Reversed.

*James E. Markham* and *Hermon W. Phillips,* for appellant.
*C. D. & T. D. O'Brien,* for respondent.

START, C. J.

The complaint herein alleges that the plaintiff, at the request and by the authority of the duly-authorized officers of the defendant city and at the request of the city through its duly-authorized officers, performed work, labor and services for the city for 28 days, which services were of the reasonable value of $65, which sum the city agreed to pay to him therefor. The answer alleges that the plaintiff was over 35 years of age on June 1, 1897, and on June 3 thereafter the mayor of the city sent a message to the assembly of the city to the effect that he had appointed the plaintiff to the police force with the rank of patrolman, and that the plaintiff was assigned to duty as such by the chief of police, and performed the services of patrolman under such assignment for 28 days, commencing June 3; that such services are the same services for which a recovery is sought in this action; that the plaintiff's nomination was by the assembly referred to its committee on police, and upon its report, and on July 1, the assembly duly refused to advise or consent to plaintiff's appointment. The trial court sustained the plaintiff's demurrer to this answer and the defendant appealed from its order.

The defendant's charter relating to the police department provides that

"The mayor shall appoint the chief of police, the captains, the detectives, the sergeants, and all policemen, patrolmen, and police officers, * * * with the advice and consent of the common council, but no person shall be eligible to the appointment as policeman, patrolman, or other police officer who is not a citizen of the United States, or under the age of thirty-five years." Sp. Laws 1887, c. 48, § 12 (p. 626).

The plaintiff concedes that, to enable him to maintain an action for the recovery of his salary as a policeman, he must show a valid appointment. He does not claim that his appointment was valid, or that he is entitled to the salary as such; but he bases his right of action upon a claimed implied contract, arising from the rendition by him of lawful services upon a lawful request by the city, the benefit of which services the city has had. But the demurrer ad-

72 M.—17

mits the facts alleged in the answer to the effect that the services were rendered as a policeman under a void appointment and that neither the mayor nor the chief of police had any authority to request the plaintiff to perform such services or to accept them on behalf of the city because the plaintiff was over 35 years old and therefore not eligible to appointment as policeman. He stands, then, upon the record, in the admitted position of seeking to recover compensation for the discharge of the duties of an office to which he must be presumed to have known he was not eligible, the duties of which he was requested to perform by the unauthorized act of the chief of police of the city. There was no implied promise on the part of the city to pay for services so rendered.

It is immaterial whether the plaintiff labels his action as one on an implied promise to pay for services rendered, or one for the recovery of his salary as policeman, for the essential facts are not changed thereby. No astuteness in framing the complaint can modify the fact that the services for which he seeks to recover compensation are services rendered as policeman, which he was not authorized to render and which no officer of the city was authorized to request or receive on behalf of the city. Therefore no liability can attach on the ground of implied contract. 1 Dillon, Mun. Corp. § 460.

Order reversed.