### FORMAN v. BOSTWICK et al.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. MUNICIPAL CORPORATIONS (§ 142*)—OFFICERS—ELIGIBILITY.

     Under General City Law (Consol. Laws, c. 21) § 3, providing that no member of the common council shall during his term be capable of holding under appointment of the council any office, the emoluments of which are paid from the city treasury, an alderman of a city is during his term ineligible to hold the office of city judge under an appointment by the council, though prior to the appointment he resigned his position as alderman; the city judge being paid a salary from the city treasury.

     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 314; Dec. Dig. § 142.*]

2. QUO WARRANTO (§ 11*)—TITLE TO OFFICE.

     The usual method of determining title to an office is by quo warranto.

     [Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 13; Dec. Dig. § 11.*]

3. MUNICIPAL CORPORATIONS (§ 136*)—OFFICERS—RIGHT TO HOLD OFFICE—SUIT BY TAXPAYER.

     A taxpayer of a city may sue to restrain the payment of salary from the city treasury to one holding the office of city judge, where the facts showing his ineligibility to the office are matters of official record disclosing his election to the office of alderman and his resignation therefrom and his appointment by the common council to the office of city judge during the term for which he was elected alderman.

     [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4.** MUNICIPAL CORPORATIONS (§ 136\*)—OFFICERS—RIGHT TO HOLD OFFICE—
SUIT BY TAXPAYER.

A taxpayer of a city suing to restrain the payment of salary to one
holding a municipal office to which he is ineligible need not make the ap-
pointees of the incumbent parties defendant.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
136.\*]

Appeal from Special Term, Tompkins County.

Action by Lewis L. Forman against Edward H. Bostwick and
others. From a judgment sustaining a demurrer to the complaint
and dismissing it, plaintiff appeals. Reversed, and demurrer over-
ruled.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SE-
WELL, and HOUGHTON, JJ.

William Nelson Noble, for appellant.
Myron N. Tompkins, for respondents.

COCHRANE, J. This is an action by a taxpayer of the city of
Ithaca to restrain the payment of salary to respondent Bostwick, who
has been appointed city judge of said city by the common council
thereof. The members of the common council, the city clerk, and city
chamberlain are also made defendants and have defaulted in pleading.

From the complaint it appears that the respondent was elected al-
derman in said city in November, 1908, for a term of two years from
the 1st day of January, 1909, and that he duly qualified, and as such
alderman was a member of the common council of said city from
January 1, 1909, until December 24, 1909, when he resigned the said
office; that on January 1, 1910, the common council appointed him to be
city judge of said city to fill a vacancy then existing; that he there-
upon took and filed an oath of office and executed and filed a bond
required by the city charter as such city judge and assumed the du-
ties of such office and is now acting in the performance thereof. The
city judge of Ithaca is paid a salary from the city treasury.

On the foregoing facts the respondent was ineligible for the office
of city judge, and his appointment thereto was illegal, under section
3 of the general city law (chapter 21 of the Consolidated Laws), pro-
viding as follows:

"No member of the common council of any city shall during the period for
which he was elected be capable of holding under the appointment or election
of the common council any office the emoluments of which are paid from the
city treasury or paid by fees or compensation directed to be paid by any act
or ordinance of the common council."

The serious question in the case is whether an action will lie at
the instance of a taxpayer to restrain the payment of the respondent's
salary. The usual method of determining title to an office is by an
action of quo warranto. The appellant contends, however, that his
cause of action rests on facts which are solely matters of record and
which are in their nature indisputable, and that hence there will be
no question for the determination of a jury, and that it can make no
difference that the action is in equity.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Actions of this kind have been successfully maintained to restrain the payment of salaries. Such were the cases of Rogers v. Common Council of Buffalo, 123 N. Y. 173, 25 N. E. 274, 9 L. R. A. 579, and Peck v. Belknap, 130 N. Y. 394, 29 N. E. 977. In distinguishing those cases in Greene v. Knox, 175 N. Y. 432, 67 N. E. 910, the court said:

"In both of these cases the appointments were clearly invalid unless and until the defendants therein could affirmatively establish their respective contentions upon the questions involved, which were clearly presented by the records before the court; and, when that proof failed, judgments restraining payments of salaries were proper, because the alleged titles to office were invalid as matter of law."

The case of Greene v. Knox, supra, is relied on by the respondent and was relied on by the court at Special Term in sustaining this demurrer. That case, however, clearly recognizes the fact that an action of this kind may sometimes be maintained to restrain the payment of official salaries, as appears from the following language in the opinion:

"We fully realize that our decision would be much more satisfactory if we could arbitrarily classify, on the one hand, the instances in which titles to offices can be tried in taxpayers' actions to restrain payment of salaries, and, on the other, the instances in which that question cannot be so tried. * * * We do not feel disposed to go further at present than to say that, in a case where the title to office depends, not upon admitted facts or indisputable records, or the plain letter or fair construction of a statute, but upon disputable and extraneous facts, the question cannot be tried in a taxpayer's action brought to restrain payment of salaries, but must be tried in quo warranto, and until so tried the payment of salaries cannot be enjoined."

I think the case of Greene v. Knox is distinguishable on the facts from the present case. It affirmatively appeared from the complaint in that case, as stated in the opinion, that the appointments attacked "were regular in form and were made in compliance with every requirement of the letter of the law that was essential to their validity." The acts complained of to impeach the appointments were irregularities and improprieties of a former police board in giving improper information to the civil service commissioners concerning the appointees, who thus derived an undue advantage in their civil service examinations whereby their appointments were accomplished. In other words, there was an element of fraud in the case affecting the appointments, and the persons charged with the perpetration of the fraud do not seem to have been parties to the action. These facts appear more clearly from the case as reported in 76 App. Div. 405, 78 N. Y. Supp. 779. Clearly that was a case which turned upon "disputable and extraneous facts," and it was very apparent from the outset that a question of fact necessarily existed as to the title to the office.

In the present case the election and qualification of the respondent as alderman, his services as such, and his resignation—in other words, the facts constituting his ineligibility—are all matters of official record as much so as his appointment and qualification as city judge. He had been a member of the common council, the body which appointed him, and had resigned therefrom only eight days

before his appointment, and hence that body had official and conclusive knowledge of his ineligibility at the time when it made his appointment. The appointment therefore was not "regular in form" and "in compliance with every requirement of the letter of the law" essential to its validity as in Greene v. Knox. I do not see how any of those record facts can well be controverted, and there is no suggestion that such will be the case. Certainly the appointment and official existence of the respondent as an alderman is no more controvertible than his appointment as city judge. Of course, there is always a possibility that an official record may be impeached, and, if such should be the case herein, it would defeat the action. But I think this is a case where the question depends on "indisputable records" within the meaning of Greene v. Knox.

This case is within the principle of Whitney v. Patrick, 64 Misc. 191, 120 N. Y. Supp. 550, affirmed by us on the opinion at Special Term in 134 App. Div. 988, 120 N. Y. Supp. 1151. The question in that case was whether a village board of health was legally constituted, and that question in turn depended on the further question as to whether the outgoing or incoming board of village trustees had the right to appoint certain members of the board of health. It was said:

"There are no extraneous facts and no disputed facts. It is purely a question of law whether the old board of trustees had the right to make appointments."

That was only true because no question of fact had been raised. Such a question might have been raised as to the official existence either of the outgoing or incoming board of trustees, or even as to the right of the alleged members of the board of health to hold their office because of nonresidence, incapacity, or various other reasons. But such questions were not raised. The controversy resolved itself into a question of law, and therefore, after considering all the facts and determining that only a question of law was involved, the court sustained an injunction. Similar questions of fact might have been raised in Rogers v. Common Council of Buffalo, supra, and Peck v. Belknap, supra; but such remote possibilities did not operate to defeat the actions. If at any time during the history of those cases a question of fact had arisen in the evidence as to the title to the office, it is safe to say that such question would have defeated the actions. The same is true in this case. But from the present standpoint the possibility of a question of fact arising in the evidence is so remote that it should be disregarded on demurrer to the complaint. From the allegations of the complaint we think we must regard this as a case not primarily to determine the title to an office, but to restrain the payment of salary in a case where the title to office depends only upon admitted facts and the construction of a statute, and that it was therefore error to sustain the demurrer to the complaint

It is claimed that there is a defect of parties because the appointees of the respondent have not been made defendants. But that is a question in which the respondent has no interest. As to him a complete determination may be made without their presence.

The judgment must be reversed, and the demurrer overruled, with costs in this court and at Special Term, and with leave to the respondent to withdraw the demurrer and serve an answer within 20 days on payment of such costs. All concur.