PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* GALBRAITH.

1. PUBLIC OFFICERS—QUALIFICATIONS—NURSES—BOARD OF REGISTRATION.

> A member of the board of registration of nurses, under Act No. 319, Pub. Acts 1909, must have five years' experience as a professional nurse, which qualification is not met by experience gained at intervals before her graduation as a trained nurse while engaged in teaching school.

2. SAME—GOVERNOR—APPOINTING POWER.

> The statute having prescribed the qualifications necessary to authorize an appointment, the governor is limited to the appointment of persons possessing them, and the appointment of an ineligible person is a nullity.

Quo warranto proceedings by the people of the State of Michigan, on the relation of John E. Bird, attorney general, against Alfreda Maude Galbraith to try the right of respondent to the office of member of the board of registration of nurses. Submitted June 20, 1910. (Docket No. 101.) Judgment of ouster entered September 28, 1910.

*John E. Bird,* Attorney General (*Crane & Norris,* of counsel), for relator.

*Homer H. Quay,* for respondent.

BLAIR, J. Information in the nature of quo warranto to test the right of respondent to hold the office of member of the board of registration of nurses provided for by Act No. 319, Pub. Acts 1909. Section 1 of the act prescribes the following qualifications for appointees:

"Such appointees shall be chosen from the actual residents of this State, and, except the registered physician, from nurses who have graduated from reputable training schools, giving at least a two years' course of training, served in hospitals of good standing, and who have had five years' experience in nursing."

It is conceded that respondent was, at the time of her appointment, of proper age, an actual resident of this State, and a graduate of a reputable training school giving at least a two years' course of training. Counsel disagree as to whether she possessed the other required qualifications. The facts are agreed upon and present the following statement as to respondent's experience in nursing:

"That on the 26th day of July, in the year 1906, the respondent was admitted to and entered the said training school for nurses, and continued in said training school until the 29th day of January, in the year 1909. That after her graduation from said high school, and prior to her admission and entrance to said training school for nurses on the 26th day of July, 1906, teaching school had been the respondent's principal occupation, and she had never been in any training school for nurses nor employed in any hospital or asylum prior to July 26, 1906, but she had done considerable gratuitous nursing for regular reputable physicians in Cheboygan, Michigan, at occasional intervals of her school work, such intervals extending over a period of three years prior to her entering said Butterworth Training School. Said physicians considered her a practical nurse. The schools of Cheboygan, in which she was a teacher during said three years, were in session during the years aforesaid for a period of 40 weeks in each year. * * * That the principal occupation of the said respondent from and after the 29th day of January, in the year 1909, to the date of this stipulation, has been nursing. That the respondent was appointed a member of the State board of registration of nurses on September 8, 1909, by the governor of the State of Michigan. That the respondent filed her oath of office and qualified as a member of the State board of registration of nurses September 14, 1909."

We are of the opinion that the five years' experience specified in the act as one of the qualifications for appointment on the board means an experience gained as a professional nurse, and that the occasional services performed by respondent during intervals in her regular profession as a teacher are not to be considered as any part of the required term. It follows that respondent was not eligible to appointment, and is unlawfully holding her office,

unless, as suggested by counsel for respondent, "Under the statute the governor of the State of Michigan is made the sole judge as to the qualifications of the applicant." We do not regard this suggestion as well founded. The statute having prescribed the qualifications necessary to authorize an appointment, the appointing power is limited to the appointment of such persons as actually possess those qualifications, and the appointment of an ineligible person is a nullity. 29 Cyc. p. 1374, subd. 5, and cases cited in note 5.

A judgment of ouster is ordered.

OSTRANDER, MOORE, MCALVAY, and STONE, JJ., concurred.