(83 Misc. Rep. 317)

### SANTSPREE v. CITY OF COHOES.

#### (Albany County Court.  December 24, 1913.)

1. JUDGMENT (§.143*)—DEFAULTS—VACATION.

Where the summons and complaint in an action against a city were served on the city chamberlain, and, through some oversight, he failed to call the city attorney's attention to the fact of the suit until after the time for answer had expired, and a default was taken, the city is entitled to have its default vacated, and to be permitted to appear and answer, where the plaintiff did not oppose the application.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

2. MUNICIPAL CORPORATIONS (§ 136*)—CITY ATTORNEY—RIGHT TO OFFICE—CONTEST.

On an application to open a city's default and for leave to answer, the right to the office of city attorney cannot be determined, but the one in possession of the records of the office, and who was duly appointed, will be treated as the city attorney, regardless of the rival claimant's contention that the apparent incumbent had been duly removed and he had been appointed in his stead; the proper mode of settling the right to an office being by quo warranto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 309–311; Dec. Dig. § 136.*]

Action by Melinda Santspree against the City of Cohoes.  On motion by defendant to open its default, and to permit it to appear and serve an answer to the complaint.  Motion granted.

Orville R. Ely, of Cohoes, for plaintiff.

Israel Belanger, of Cohoes (J. Sheldon Frost, of Albany, of counsel), pro se.

J. S. Carter, of Cohoes (Thomas Fagan, of Troy, of counsel), for defendant.

ADDINGTON, J.  This is an application by defendant to open its default in the above-entitled action, and to permit it to appear and serve an answer to plaintiff's complaint.

[1] The motion is made on behalf of the defendant, the city of Cohoes, by J. S. Carter, Esq., and is based on an affidavit of said Carter, in which he says he is the attorney for the defendant.  The application is made also on the affidavit of the chamberlain of the defendant, James H. Mitchell, Esq., and an answer to the complaint herein verified by Hon. John F. Scott, the mayor of the defendant, the city of Cohoes, on June 9, 1913.

It appears from said affidavit, and it is undisputed, that the summons and complaint in this action were served on the defendant by delivering the same to James H. Mitchell, its chamberlain, on the 14th day of May, 1913, and that through some oversight of said Michell the attention of the attorney for the defendant was not called to the fact that said action was brought against the city, and that on June 5th, more than 20 days after the summons was served, it came to the knowledge of J. S. Carter that said action was pending; that the chamberlain's attention was called to the action, whereupon he on the 5th day

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of June, 1913, handed the summons and complaint to J. S. Carter, attorney; that said Carter requested Orville R. Ely to accept an answer to the complaint, but the latter refused to accept an answer, as the time for the defendant to appear and answer had expired.

The action is brought to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant.

On the return day of the motion to open the default, the plaintiff appeared by Orville R. Ely, her attorney, and the defendant by J. S. Carter, attorney, and an adjournment was taken to a later date to permit the attorney for the plaintiff to prepare and present affidavits in opposition to the motion. In the meantime an order to show cause was granted by this court directed to Orville R. Ely, attorney for plaintiff, and "J. Stanley Carter, counselor at law, of the city of Cohoes, N. Y., claiming to be city attorney of the city of Cohoes, why an order should not be made permitting said Israel Belanger, as city attorney of the city of Cohoes, to appear in the above-entitled action as attorney for the defendant, and to take such further steps therein as may be necessary in the protection of the interests of the said defendant therein, and for such other and further relief as may be just."

Said order to show cause was based on an affidavit of Israel Belanger, and a resolution said to be adopted by the board of aldermen of the city of Cohoes, on the 2d day of May, 1913. Under the objections of Mr. Carter, Mr. Belanger was permitted to file with the court as part of his moving papers herein a transcript of the proceedings of an adjourned meeting of the common council held the 27th day of May, 1913.

The attorney for plaintiff did not file any affidavit in opposition to the application to open the default, nor did he oppose the application by way of argument.

There is no question, and it is conceded, that the default of the defendant should be opened, and the defendant be permitted to serve its answer herein.

[2] Israel Belanger intervenes, claiming that the application by the defendant, the city of Cohoes, to open the default, should be denied, as J. S. Carter, who makes the application in behalf of the defendant, is not the attorney for the defendant, and that his (Belanger's) application should be granted, as he is the duly constituted attorney for the defendant.

It is not disputed that J. S. Carter at a regular meeting of the common council of the city of Cohoes, held on the 7th day of January, 1913, was duly and regularly appointed city attorney of said city for a period of one year, and until his successor was appointed, and that he duly qualified as city attorney under such appointment. It is claimed, however, by said Israel Belanger, that said Carter was duly and regularly removed as such attorney for said city, and that he (Belanger), after such removal of said Carter, was duly appointed attorney for said city, and duly and regularly qualified as such attorney.

While there is little, if any, dispute as to the acts of the mayor and the common council of the defendant, the city of Cohoes, in the alleged removal of said Carter as attorney for said city, and the alleged appointment and qualification of said Belanger as city attorney, said

Carter raises many questions under the charter of said city as to the legality of the acts of the common council, not alone as to the alleged removal of Carter, but as to the alleged appointment and qualification of Belanger.

It is conceded that the default should be opened and this defendant permitted to defend. The court is asked in these proceedings to determine who is entitled to ask for this relief in behalf of the defendant. It is asked to determine who is the attorney for the defendant. This court cannot determine this question in these proceedings, and therefore it is unnecessary to discuss the legality of the acts of the common council in the alleged removal of Carter and subsequent alleged appointment and qualification of Belanger.

It is undisputed that Carter was legally appointed. Since his appointment and now he has been and is in possession of the papers, documents, and all other property relating to the office of attorney for the defendant. The summons and complaint in this action were handed to him by the chamberlain of the city and are in his possession, and he bases his application on his own affidavit and the affidavit of the mayor and chamberlain of the city.

There seems to be some confusion from the decisions as to when and how the title to office can be considered. The question has arisen mainly in mandamus proceedings and taxpayers' actions.

This question was considered by the Court of Appeals in a very exhaustive opinion written by Chief Judge Parker, in which he collates many decisions, and in all of which it is held that the proper remedy to determine the title to office is by information in the nature of a quo warranto, and that the question cannot be determined in proceedings of this kind. People ex rel. McLaughlin v. Police Commissioners of the City of Yonkers, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596. See, also, Greene v. Knox et al., 175 N. Y. 432, 67 N. E. 910; People ex rel. Wren v. Goetting, 133 N. Y. 569, 30 N. E. 968.

In the latter case the court quotes the language of Judge Andrews, in Nichols v. McLean, 101 N. Y. 526, 5 N. E. 347, 54 Am. Rep. 730, as follows:

"The court held that they could not at the instance of a person out of possession of an office try the title to the office by mandamus or other proceeding, but would leave him to his remedy by information, and it has been said in several cases that the title could only be tried in that proceeding."

There is a line of cases brought by taxpayers in which the court decided whether or not appointments to office were valid. But in these cases it was decided that the appointments to public office were in the first instance invalid, and there were no rival claimants to the office.

In the case of Rogers v. Common Council of City of Buffalo, 123 N. Y. 173, 25 N. E. 274, 9 L. R. A. 579, the plaintiff was a taxpayer, and brought the action to restrain the common council and others from authorizing, drawing, or paying any warrant for the salary of one Diebold, as street and health inspector, on the ground that his appointment was invalid under the civil service law. In the case of Peck v. Belknap, 130 N. Y. 394, 29 N. E. 977, the plaintiff was a taxpayer, and it was held that the appointment was invalid under the civil service law. In both of these cases the appointments were clearly invalid.

In the case of Forman v. Bostwick, 139 App. Div. 333, 123 N. Y. Supp. 1048, relied upon by Mr. Belanger, plaintiff was a taxpayer, and the appointment of Bostwick was clearly invalid, and the action was maintained.

In the case of In the Matter of Smith, 116 App. Div. 665, 101 N. Y. Supp. 992, relied on by Mr. Belanger, the proceeding was authorized by section 2471A of the Code of Civil Procedure, since repealed. In that case the court says:

"There is no force to the suggestion that the proper remedy of the moving party is quo warranto. There is no one who claims or who has usurped the office."

In the case of People ex rel. Dolan v. Lane, 55 N. Y. at page 219, the court says:

"Indeed, it is doubtful whether the title to an office ought ever to be tried collaterally on proceedings by mandamus instituted in behalf of a party out of possession."

There are expressions in the decision of many cases which lead to confusion and uncertainty, and I have in mind such cases cited and relied upon by Mr. Belanger. In discussing such expressions, Chief Judge Parker, in People ex rel. McLaughlin v. Police Com'rs, supra, at page 464 of 174 N. Y., at page 82 of 67 N. E. (95 Am. St. Rep. 596), says:

"The learned counsel for relator has not brought to our attention any decision in this state holding that a mandamus will lie where some one is actually in possession of the office under color of right, as is this defendant Woodruff, but he has called attention to expressions in opinions in four of the cases to which we have referred (People ex rel. Lewis v. Brush [146 N. Y. 60, 40 N. E. 502], People ex rel. Wren v. Goetting, Matter of Gardner [68 N. Y. 467], and People ex rel. Dolan v. Lane) which he claims suggest an exception to the general rule, namely, that mandamus will lie where there is no serious question as to the title to the office, an exception which, if once created, would destroy the rule itself, rendering uncertain that which is now certain. If such an exception were established, no lawyer could safely advise his client whether his remedy should be by direct action brought by the Attorney General, or in a proceeding by mandamus; for, while his examination of the situation might satisfy him that the question whether his client or one in possession of the office under a claim of right was entitled to the office was not a serious one, it would be impossible for him to know whether the courts would take that view of it, and the courts, too, would be without any standard by which to determine whether mandamus would lie or a direct action should be brought by the Attorney General, and hence would be compelled to adopt an arbitrary standard, in each case depending upon the point of view of the court called upon to decide it.

"If it were an open question, an exception creating such a degree of uncertainty—which in each case could never be definitely determined until a majority of the court of last resort would express an opinion as to whether the question of right to an office was a serious one—should not be created. But it is not an open question, as will sufficiently appear from an examination of the authorities we have cited, including the four cases we have referred to as being relied upon by relator. In every one of those cases, as we have already seen, the court held that mandamus would not lie. That was the point of the decision, and nothing else was decided. The fact that, in addition to such decision, the court in several cases in the course of its argument made use of the expression that a writ of mandamus should not issue where there is a serious question in regard to the title, is not entitled to the force and effect of a decision, where it is not necessary to the decision, and is clearly obiter.

"The argument of counsel as to the legal effect of the expression referred to in the cases under consideration is well met by the opinion of this court in Colonial City Traction Co. v. Kingston City R. Co., 154 N. Y. 493, 495 [48 N. E. 900], where it is said: 'It was not our intention to decide any case but the one before us, which simply involved the standing of plaintiff to make the application in question, and our opinion should be read in the light of that purpose. If, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decision of the questions presented, they are the dicta of the writer of the opinion and not the decision of the court.'"

Whatever this court may think of the legality of the alleged removal of Mr. Carter, and the alleged appointment and qualification of Mr. Belanger, it seems, in view of all the decisions on the subject, Mr. Bellanger being out of the possession of the office, and Mr. Carter being actually in possession of the office under color of right, that this court is without jurisdiction to determine who is the attorney for the defendant on a motion to open a default in an action brought against the city.

The application of Israel Belanger is therefore denied, and the application of J. S. Carter to open the default of the defendant, and that it be permitted to answer, is granted, without costs.