In the Superior Court of the State of California, In and for the County of San Joaquin.

Dept. No. II

Hon. C. W. Miller, Judge

Frank B. Briare, Plaintiff,

vs.

D. J. Matthews, T. B. Littleton, C. O. Smith,

John Doe Fotheringham, Madeline Fotheringham, his wife, D. J. Matthews, as Auditor of the City of Stockton, T. B. Littleton, as Treasurer of the City of Stockton, First Doe, Second Doe, Third Doe, Fourth Doe, Fifth Doe, Sixth Doe, Seventh Doe, Eighth Doe, Ninth Doe and Tenth Doe, Royal Indemnity Company of New York, a corporation, and Massachusetts Bonding and Insurance Company, a corporation, Defendants.

No. 17317

This is an action prosecuted by plaintiff, as a taxpayer on behalf of the city of Stockton, against defendants to recover the sum of $324.00 paid to defendant C. O. Smith for salary as a patrolman for the city of Stockton, and to recover the sum of $2010.00 paid to defendant Madeline Fotheringham for salary as a member of the police force of the city of Stockton, and which moneys it is claimed by plaintiff were illegally paid by reason of the fact that the respective appointments of Smith and Fotheringham were illegal, neither being entitled to hold the office to which he was appointed, Smith, it

is contended, being disqualified by reason of the fact that he was over thirty-five years of age at the time of his appointment, and for the further reason that he was a member of the City Council at the time the salary of the patrolmen was increased by the City Council, and the City Charter expressly providing (Section 48, City Charter) that "no member of the City Council shall be elected or appointed to any office created, or the compensation of which is increased by the Council, while he was a member thereof, until one year after the expiration of the term for which he was elected." Smith was a member of the Council until January 2, 1923, and the compensation of patrolmen was by the Council increased on December 29, 1922; while defendant Fotheringham, it is claimed, was disqualified by reason of the fact that he was not a resident of the city of Stockton for at least two years before her appointment, it being a requirement of the ordinance (No. 757) of the city that police officers must be between twenty-five and thirty-five years of age when appointed, and residents of the city of Stockton for not less than two years next before their appointment. It is admitted by the pleadings that Smith was more than thirty-five years of age on January 2, 1923, the date of his appointment, and that he was a member of the City Council at the time the compensation of patrolmen was increased by the City Council, namely, on December 29, 1922, and that the City Council appointed him to the position of police officer on January 2, 1923, less than one year after the salary of police officers was increased by the City Council. Defendant Fotheringham denies in her

answer that she had been for at least two years prior to her appointment a resident of the city of Stockton, but at the trial she offered no evidence in support of her denial, and the evidence is entirely without conflict that she was not a resident of Stockton at all, but that she was a resident of the county without the corporate limits of the city of Stockton at the time of her appointment. None of the defendants offered any evidence on the question of the residence of defendant Fotheringham, or offered any reason, explanation or excuse for her appointment, and no evidence was offered on behalf of defendant Smith, or on behalf of any of the defendants, concerning the qualifications of Smith, or any reason, explanation or excuse for his appointment. No offer was made on behalf of any of the defendants to show the facts presented to the Council, if any, upon which the Council could exercise any discretion in reference to either of said appointments. It was incumbent upon the defendants to answer to the merits of the charges contained in the complaint, unless they wished to admit them, and, having answered, it was incumbent upon them to offer some evidence in support of the answer (Osborne vs. Stone, 170 Cal., 480, at the end of the decision.

It is urged with earnestness on the part of the defendants that the Council has the power to appoint, and therefore the power to determine the eligibility of the police officers, and, the appointments having been made, the eligibility of the appointees cannot be inquired into collaterally, and that the action of the Council is conclusive in a collateral attack, and that the ques-

tion can only be raised in a quo warranto proceeding, and some of the cases cited by them seem to support the position as an abstract proposition. On the other hand, plaintiff contends with equal earnestness that the validity of the appointments may be inquired into in this action, because the validity of each is incidentally and necessarily involved. There are cases which hold substantially that where the eligibility is determined from, or is dependent upon, a public record, and that record shows the ineligibility, then the determination by the board or council contrary to the record is not conclusive (Forman vs. Bostwick, 123 N. Y. Supp. 1048, at page 1051).

It is argued by defendants that unless the law is that the appointment cannot be collaterally attacked, then the disbursing officers of a municipality would be placed in an intolerable position. But in this case both the Auditor and the Treasurer, who were the disbursing officers, were members of the appointing Council, and of course knew what the facts were, and what was presented to the Council, if anything, as the evidence upon which they were to act as members of the Council, and they would, of course, carry such knowledge to themselves as Auditor and Treasurer, respectively, of the city. That there was no fact or evidence upon which the Council could base a finding of eligibility in this case must be assumed by this Court in view of the record in the case. To hold with defendants' contention in this case would be to hold that, although Messrs. Matthews and Littleton, whose votes were necessary to the appointment

of Smith, and whose votes were necessary to the adoption of the resolution, and both of whom voted for the adoption of the resolution and for the appointment of Smith, can hide from liability for an illegal payment of public moneys by merely replying to the charge that inasmuch as the Council of which they were members had the power to appoint police officers, and therefore power to determine the qualification of their appointees, that a taxpayer cannot, in an action to recover such moneys, question the legality of the appointments. Such a position is, in my opinion, unsound. Were the persons acting as Treasurer and Auditor third parties, were they entirely disassociated from and unconnected with the Council, there might be much weight to the defendants' contention. But that situation does not exist here, and the fact that the Auditor drew his warrant for the salary in no manner divests him of the knowledge which as Councilman he possessed as to the ineligibility of the appointees to the appointments given them by the Council. Neither by reason of the fact that the Auditor had drawn a warrant regular on its face for the salary demands was the Treasurer divested of the knowledge which as a Councilman he possessed as to the ineligibility of the appointees. Both the Auditor when he drew the warrant, and the Treasurer when he paid it, had actual notice that the warrant was not based upon a legal demand (Los Angeles vs. Lankershim, 100 Cal. 528; Eubank vs. Montgomery County, 128 Am. St. 340), and both Smith and Fotheringham must be deemed to have known of their ineligibility (O'Brien vs. City of St. Paul, 75 N. W. 375).

The appointing power of a council is limited to the appoinment of persons who are actually eligible, and the appointment of ineligible persons to office is a nullity (People vs. Galbraith, 127 N. W. 771).

That the members of the City Council, of which Matthews and Littleton were two, knew of Smith's existence as a member of the City Council at the time that body increased the pay of police officers, and the members of that Council knew of the terms of Section 48 of the City Charter, there is no doubt, nor in the nature of things could there be the slightest doubt. These are matters of indisputable records, and the appointment can be inquired into (Foreman vs. Bostwick, 123 N. Y. Supp. 1048). If title be inquired into except in a quo warranto proceeding, then all that would be necessary to be to office could not, as contended by defendants, done by one who had illegally held office would be to draw his salary and resign his position so that quo warranto would no longer lie, and he and the disbursing officers could not be compelled to repay the money so illegally paid out. But I am satisfied that the taxpayer may maintain an action for the recovery of the moneys paid out on the salary demands of Smith and Fotheringham, unless the fact that they each rendered services as police officers under color of title to their respective offices would defeat such an action. They each held a certificate of appointment, and each discharged the duties appertaining to the respective offices to which they had been appointed. Defendants claim that

Section 936 of the Political Code protects the defendants, and reliance is placed in the case of Bannerman vs. Boyle, 160 Cal. 197. In that case it is held that Section 936 of the Political Code is limited in its application to a case where a suit is pending to determine the title, and that it does not enact any rule applicable to a case where there is no contest (Bannerman vs. Boyle, 160 Cal. 197; Norton vs. Lewis, 34 Cal. App. 621 at 625).

The Bannerman case also holds that title to an office may be raised in a mandamus proceeding, and that case effectually overrules the case of Turner vs. Melone, 13 Cal. 621, and that of Satterlee vs. San Francisco, 23 Cal. 314, relied upon by defendants.

It is held in the case of Great Western Power Company vs. Pillsbury, 170 Cal. 180, which is also relied upon by defendants, that the Industrial Accident Commission must determine the facts upon which its jurisdiction to act depends, but that it cannot decide them conclusively, for, they being jurisdictional, its right to act at all depends upon their existence, and that they, the facts, may be reviewed as matter of law where absolutely unsupported by the evidence. And that is the situation here. An officer de facto has no right to the salary attached to the office, the duties of which he performs under color of appointment, unless there is pending an action to contest the title to the office. In other words, unless there is a rival claimant (Section 936, Political Code).

In People vs. Weber, 89 Ill. 348, it is stated that "where a party sues or defends in his own right as a public officer, it is not sufficient that he be merely a de facto officer. As an officer de facto he can claim nothing for himself."

I am satisfied that the action of Briare vs. Matthews and others, numbered 16898, that was pending at the time of the commencement of this suit, does not constitute a defense to this action.

During the trial of this case the Court took under advisement an objection to testimony and a motion to strike out. I am satisfied that the testimony is proper, and the action to strike out should be denied. The objection and motion will therefore be denied.

It follows, from the views above expressed, that plaintiff is entitled to recover from the defendants Smith, Matthews and Littleton and their bondsmen, the sum of three hundred and twenty-four dollars, together with interest from the time of the commencement of the suit, and that plaintiff is also entitled to recover from defendants Fotheringham, Matthews and Littleton and their bondsmen the sum of two thousand and ten dollars, together with interest thereon from the time of the commencement of the suit, and for costs of suit against all of said defendants, and that all of said moneys except the costs be paid into the Treasury of the City of Stockton.

Plaintiff's attorney will prepare findings.

C. W. MILLER,
Judge.