Michael E. Sweeney, J.
Charles J. Callahan, Jr., has brought a taxpayer’s action against certain of the Schenectady County *281 officials, including John F. Toppeta who was designated to fill the recently created post of Public Defender.
By this motion it is sought to enjoin the defendant John F. Toppeta from continuing to perform the duties of Public Defender and to restrain the proper parties from paying him any salary.
The facts out of which this controversy arose, as far as pertinent to the decision of the matter, are as follows: John F. Toppeta was a Supervisor of the County of Schenectady whose term was to expire December 31, 1965. He did not seek re-election this past November. On November 17, 1965 the Board of Supervisors of the County of Schenectady, by resolution, created the office of Public Defender. At that time the defendant Toppeta was a member of the Board of Supervisors. Subsequently, and on November 23, 1965, he resigned as a member of the Board of Supervisors and was immediately appointed to the position of Public Defender.
It is the contention of the plaintiff Callahan that this appointment is illegal and void for three reasons: (1) the defendant Toppeta was a member of the Board of Supervisors at the time the office of Public Defender was created, (2) the term of office was designated to be three years, which is beyond the term of the present Board of Supervisors, and (3) the creation of the position of Public Defender and the appointment to such office was made by resolution instead of by local law.
It is the contention of the defendants that the office was properly created and that the designation of defendant Toppeta as Public Defender is legal. Defendants specifically contend that it was proper to attain this result by resolution.
For several years now the Legislature of the State of New York has been cognizant of the plight of indigent defendants and has been studying the problem in an effort to take appropriate steps to remedy this problem. In 1961 the Legislature took the initial step by passing what is now section 716 of the County Law, the pertinent parts of which are as follows: “ The board of supervisors of any county may create an office of public defender * * if. The board * * * of supervisors may designate an attorney-at-law as public defender and shall fix his term and compensation. Subject to the approval of such board * * * the public defender may appoint as many assistant attorneys, clerks, investigators, stenographers and other employees as he may deem necessary and as shall be authorized by such board * * *. The public defender shall fix the compensation of such aides and assistants within the amounts such board * * * may appropriate for such purposes,”
*282 This year the Legislature passed another statute, section 722 of the County Law which provides as follows: “ The board of supervisors of each county * * * shall place in operation throughout the county by December first, nineteen hundred sixty-five a plan for providing counsel to persons charged with a crime, who are financially unable to obtain counsel. Each plan shall also provide for investigative, expert and other services necessary for an adequate defense.”
This statute then enumerates four separate methods of insuring counsel for indigent defendants. The first mentioned is a Public Defender pursuant to section 716 of the County Law. Since this is the means which has been adopted by the Board of Supervisors of the County of Schenectady, it is unnecessary to mention the other three methods.
It was pursuant to the provisions of these two statutes that the County of Schenectady was authorized to create the office of Public Defender and appointed the defendant Toppeta to fill that office. For a determination of the legality of the Toppeta appointment, however, these last two statutes must be examined in conjunction with sections 204 and 400 of the County Law.
Section 204 of the County Law applies to individuals over whose activities there remains considerable supervision. It connotes a person doing routine work, an employee. The office of Public Defender does not fall into this category. This individual must be an attorney and in charge of the office of Public Defender. He acts in a supervisory capacity. The assistant attorneys, investigators, clerks and other employees in that office are all under his direction. His activities have a close relationship to the public in general. It is my opinion that the office of Public Defender is a county officer controlled by section 400 of the County Law. Subdivision 4 of that section permits the Board of Supervisors to appoint additional county officers, but specifies it must be done by local law. There is considerably more solemnity to a local law than there is to a mere resolution. A resolution by the board can be passed after the board has adequately studied and discussed a matter. A local law can be passed only after giving proper and timely notice to the public and conducting a hearing. This procedure gives the public in general an opportunity to express its views pro and con on any proposed legislation. These safeguards were not afforded the public in the instant case. In addition to this subdivision 9 of section 2 of the Municipal Home Buie Law defines a local law and then provides that this term (local law) shall not include a resolution.
From an examination of the pertinent statutes, I am compelled to conclude that the proper procedure was not followed by the *283 Board of Supervisors m the creation of the office of Public Defender, or in the appointment of the defendant Toppeta, and consequently, these acts are illegal and void. In view of this conclusion, it is unnecessary to pass upon any of the other objections raised by the plaintiff.
The defendants, however, contend that this taxpayer’s action is not the proper action to test the validity of this appointment. In support of their position they strongly rely upon Greene v. Knox (175 N. Y. 432). With this contention I do not agree.
All of the pertinent facts surrounding the present appointment can be established by documentary proof. There is no question but that Toppeta resigned from the Board of Supervisors to accept this position. There is no question that the creation of the office of Public Defender was attempted to be accomplished by resolution. The appointment of Toppeta was also by resolution. Since there is no question of fact involved, Greene v. Knox does not apply. In the instant case there is a question of law only, to be determined by the court from the facts and from a reading of the statutes. I conclude that the plaintiff Callahan properly tested this matter by a taxpayer’s action brought pursuant to section 51 of the General Municipal Law. (See Forman v. Bostwick, 139 App. Div. 333.)
The defendant Toppeta is hereby enjoined pending the trial of this action from acting as Public Defender and the other defendants are enjoined from expending any funds for the payment of salary to the defendant Toppeta or to any other party claiming under him.