[No. 12121.   Department One. — December 13, 1889.]

## SAMUEL WAKEHAM, APPELLANT, v. JAMES L. BARKER, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — MODIFICATION — PERSONAL
    SERVICES — SPECIFIC PERFORMANCE — MUTUALITY. — When a contract
    for the sale of real estate which might have been specifically enforced is
    modified by a supplemental contract so as to make a large portion of the
    purchase-money payable in personal services at an agreed price, such
    contract will not be specifically enforced unless the purchaser has with-
    out default fully performed on his part. Specific performance will not
    be enforced against either party if it cannot be enforced against the other,
    and cannot be enforced for personal services.
ID. — FORFEITURE — MODIFICATION OF CONTRACT — TIME WHEN NOT OF
    ESSENCE. — Though in an original contract for the sale of real estate

time is made of the essence of the contract, and provision is made for forfeiture of payments if other payments are in default for a certain period, a supplemental agreement substituting personal services to be rendered within a different period, instead of cash payment, without provision therein for forfeiture, eliminates that feature from the contract by necessary implication.

ID. — SPECIFIC PERFORMANCE — PART PERFORMANCE OF SERVICES — PLEADING — GENERAL DEMURRER — AMBIGUITY. — A complaint for the specific performance of a contract for the purchase of real estate, which shows that the purchase-money was by supplemental agreement made payable in part in personal services, and that said services were performed according to agreement to a certain date, and that defendant at that date refused to furnish any further work to be performed, asserting non-compliance of plaintiff with the agreement, and avers readiness and willingness and ability to perform the remainder, but does not aver how much service was rendered, or what amount was paid on the contract or remained unpaid, or lay any foundation for an accounting, but simply alleges a demand for a deed, and an offer to pay a certain sum of money as balance due upon the agreement, which defendant refused to accept, is subject both to a general demurrer for failure to state a cause of action, and to a special demurrer for ambiguity.

ID. — ALTERNATIVE CONTRACT — SELECTION OF ALTERNATIVES. — If alternative modes of payment of the price of land in money or in services are given by a contract of sale, the purchaser must select one or the other alternatives in its entirety, and cannot perform such contract by part performance of the services and tender of the remainder in money.

ID. — SUBSTITUTION OF SERVICES FOR MONEY — PART PERFORMANCE — PREVENTION — OFFER OF PAYMENT — EXTINCTION OF OBLIGATION — PLEADING. — The substitution of personal services at an agreed price for a money consideration originally agreed upon for the purchase of land does not create an alternative contract to pay in services or in money, but the measure of total liability is fixed by such agreement in money value; and if full performance of the services is prevented by the vendor after part performance by the purchaser, he may extinguish the obligation by paying the balance in money, or by an offer of payment, provided it is kept good under the statute; but he cannot claim specific performance of the contract on that ground, unless the offer is kept good under section 1500 of of the Code of Civil Procedure, and the necessary facts are averred in his complaint.

APPEAL — REVIEW — REASONS FOR DECISION — PLEADING — DEMURRER. — If a demurrer is well taken on any ground, this court will affirm the order of the court below sustaining it, without regard to the reasons which the court may have assigned therefor.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*William H. Chapman,* for Appellant.

*Moore & Reed,* for Respondent.

Fox, J.—This is an action for the specific perform-ance of a contract for the sale of real estate. Plaintiff also prays for damages for non-performance; and in case specific performance cannot be had, then for judgment for compensation for the payments already made, with damages for non-performance.

The complaint shows that the plaintiff and defendant entered into an agreement in writing for the sale by defendant to plaintiff, who also bound himself to buy, a certain tract of land in consideration of fifty dollars paid down, and the further sum of seven hundred dollars, to be thereafter paid in money, in monthly installments of twenty dollars each, with interest on all unpaid balances, payable monthly, at the rate of nine per cent per annum. If the contract had stopped there, there would have been no difficulty in plaintiff, if not himself in default, en-forcing specific performance against the defendant. But unfortunately for the enforcement of that remedy, afterward, and on the same day, the parties entered into a supplemental agreement in writing, whereby they mod-ified and entirely changed the original agreement as to the mode, manner, and time of payment. By this sec-ond agreement the interest was reduced to six per cent per annum, and the defendant agreed to take his pay, and the plaintiff agreed to pay the said seven hundred dollars and interest, in work and labor, to wit, in paint-ing and graining, at an agreed price per square yard, the defendant to furnish the plaintiff with painting and graining to do at the price so fixed, and to pay him fifty per cent of the price so fixed in cash, the remaining fifty per cent to apply on account of the said seven hundred dollars and the interest thereon, until the whole amount thereof was paid, "the entire amount to be taken out within one year from September 1, 1884."

It is a well-settled rule of law that specific performance will not be enforced against either party if it cannot be so enforced against the other. It is also well settled that specific performance for personal service cannot be enforced. It follows that the moment this supplemental agreement was made, specific performance could not be enforced against the plaintiff, and consequently, so long as the contract was not fully performed on his part, he could not enforce it against the other. Nevertheless, whenever he shows that without default he has fully performed on his own part, he may compel the other to convey as he has agreed to, or if conveyance cannot be had, may recover in damages for the breach. But his present complaint does not make a sufficient showing for this purpose.

The complaint is filed December 22, 1885. In it the plaintiff alleges that under this agreement he did perform "certain painting and graining for defendant, all of which was done in accordance with said agreement, and prior to the eighth day of April, A. D. 1885." He further alleges that on said eighth day of April, 1885, defendant asserted that plaintiff had not complied with said agreements, and refused to furnish any more painting and graining to be done by plaintiff, and since then had procured his painting and graining to be done by other parties; that up to that time he had done all that was required of him by the defendant, and was and still is ready and willing and able to do the balance. But he nowhere tells us how much he had done, how much he had paid on account of the contract in that way, or what balance remained unpaid on account of the purchase price of the land; nor does he allege or show that there is a dispute between himself and the defendant on this point, or that he himself is ignorant on the point, or in any other way lay the foundation for an accounting between the parties. He does allege that on the eighteenth day of December, 1885, he demanded of defendant a

deed of conveyance of said land, and offered to pay him $150 in gold coin "as the balance in full due him upon said agreements," and that defendant refused to accept said sum and make such conveyance, but gave no reasons for such refusal.

In the original agreement time of payment was made "of the essence of the contract," and provision made for the forfeiture of payments already made if other payments were in default for the period of ninety days after maturity. In the supplemental agreement this feature was eliminated from the contract, not in express terms, but by necessary implication.

This complaint was demurred to for want of sufficient facts to constitute a cause of action, and also for ambiguity, and the grounds of ambiguity are specifically pointed out. The demurrer was sustained on the ground of want of facts, but in our judgment it was well taken on both grounds. If well taken on any ground, this court will affirm the order of the court below, without regard to the reasons which the court may have assigned therefor. (*Thompson* v. *Felton*, 54 Cal. 547; *People* v. *Crowey*, 56 Cal. 39; *McCarthy* v. *Loupe*, 62 Cal. 300; *White* v. *Merrill*, *ante*, p. 14.) Plaintiff was given twenty days to amend, and it is unfortunate that he did not avail himself of the opportunity; but instead of doing so, he, upon notice, moved for the default of defendant for not answering, and for judgment thereon; which was denied, when he excepted, and allowed judgment to go against him on the demurrer, from which he appeals.

On the appeal he claims that the two agreements, taken together, gave him the alternative of paying in painting or in money. We do not think the agreements will bear that interpretation, or that his right to relief grows out of the existence of an agreed alternative of which he could avail himself at pleasure. If it did, he would be cut off by the provisions of section 1450 of the Civil Code, which requires that he should select one or the

other of the alternatives in its entirety.   The measure
of his total liability was fixed by agreement in money
value.   If he has paid a part in kind, and is now en-
titled, as he may be, to extinguish his obligation by
paying the balance in money, it is not because of any
alternative in the agreement, but because of the fact that
the other party has put it out of his power to pay the
balance in the way in which it was agreed to be paid,
and has no right to deprive him of the benefit of that
which he has paid by refusing to accept the balance in
money.   But for the reasons already stated, he has not
made the necessary allegations in his complaint to en-
able the court to furnish him this relief.   Nor has he
made his offer good under the statute, even if sufficient
in amount, so as to extinguish his obligation.   (Civ.
Code, sec. 1500.)

The allegations of this complaint are insufficient to
authorize the court to furnish him relief in any of the
forms demanded.   It follows that the judgment must be
affirmed.

So ordered.

WORKS, J., and PATERSON, J., concurred.