[S. F. No. 14491. In Bank.—July 26, 1933.]

GENERAL PETROLEUM CORPORATION OF CALIFORNIA (a Corporation), Appellant, v. S. W. LOUGHEAD et al., Respondents.

A. L. Weil, Paul T. Wolf, Glikbarg & Wolf and Martin J. Weil for Appellant.

Louis Oneal and H. D. Durst for Respondents.

LANGDON, J.—Defendants owned land and a gasoline service station thereon. They leased the same to plaintiff corporation. By the terms of the lease the station was to be used for the purpose of selling plaintiff's products exclusively, and the buildings and equipment were painted in the distinctive colors used in advertising those products. A contract was also entered into by the parties, making defendants the agents of plaintiff to sell its products, and licensing the use by them of the tanks and containers. After performing for some time, defendants ceased selling plaintiff's products, changed the color and advertising of the station, and commenced to sell materials produced by a rival company, in violation of the lease and contract. Plaintiff brought this action for an injunction to restrain defendants from trespassing upon the premises and from advertising, storing or selling any products other than those of plaintiff. It is alleged that defendants threaten to continue their activities unless restrained. The lower court sustained a demurrer to the complaint, and plaintiff appeals from the resulting judgment.

Stated briefly, the case is one in which plaintiff, having a leasehold estate in the premises, seeks to enjoin the continuing trespasses of defendants, who are occupying and using the station in a manner prohibited by the terms of their contract. No attempt is being made, either directly or indirectly, to secure specific performance of that portion of the agency contract by which defendants agree to sell plaintiff's products. In other words, plaintiff does not seek to compel the performance of personal services by defendants, and, of course, it could not do so. Plaintiff asks merely that defendants be enjoined from using the station save in the manner agreed upon; and, so far as any injunctive process is sought, defendants are free to leave the leased premises.

Under these circumstances, our recent decision in the case of *Associated Oil Co.* v. *Myers,* 217 Cal. 297 [18 Pac. (2d)

668], is controlling. We there held that the plaintiff in such a case is without an adequate remedy at law, and that equitable relief by injunction was proper. It is unnecessary to add to the full discussion of principles and authorities contained in the opinion in that case.

The judgment is reversed.

Preston, J., Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.