[Civ. No. 13285.   First Dist., Div. Two.   Apr. 21, 1947.]

ALBERT S. MOKLOFSKY et al., Respondents, v. HELEN MOKLOFSKY, Appellant.

Carl William Anderson for Appellant.

Joseph A. Brown for Respondents.

GOODELL, J.—This suit was brought by the respondents to compel the specific performance of a contract of sale of real property and for a declaratory judgment.

Two sets of findings and two judgments were filed in this case. The first decision was in favor of appellant. Respondents thereupon moved for a new trial. At the same time they made a separate motion to vacate and set aside the findings and judgment. The court vacated the first decision and then made new findings and entered a new judgment in favor of respondents. This appeal was taken from that judgment and from the order vacating the first decision.

The appellant, who is the mother of the respondent Albert S. Moklofsky, is the owner of a piece of real property in the city of San Mateo upon which there are two houses. She lived in the larger house and rented the smaller one for $40 a month. She desired to have the upper floor of the larger house rebuilt so she could live therein, and found difficulty in getting anyone to do the work. After some discussion with her son and his wife an agreement was reached that the son would do the work and that he and his wife would buy the property.

A written agreement was prepared by the son, in which some changes were made at the mother's request, whereupon it was signed on September 23, 1942. The purchase price was $8,000, on which the buyers were to pay $40 a month until $500 was paid, at which time the seller was to "execute" the agreement which meant, we assume, that a deed was to be made. The buyers were to have possession at once, and they moved into the larger house within a month. They col-

lected the $40 rent from the smaller house, and used it to pay their $40 monthly installments.

The son worked at odd times over a period of several months and built a living room, kitchen and bathroom where before there had been nothing but an unfinished attic. The work involved carpentry, the installation of a bathtub and other fixtures, and papering and painting, to make the place into an apartment for the appellant's occupancy. However, the written contract says nothing on that subject except that "In lieu of interest payments, seller agrees to accept as such rental of apartment to be constructed as agreed, including utilities of hot and cold water, gas and electricity." There is nothing to show what was meant by "constructed as agreed." It simply appears from the testimony that the mother had told the son what she wanted done, and he did it. On several occasions she expressed her dissatisfaction with this or that, but apparently the job was substantially completed except for a stairway on the outside of the house.

The bathtub and some other fixtures and materials had been bought and paid for by appellant before the parties ever discussed a sale. During the progress of the work, however, a bill for $371 came in for other materials, and the mother insisted this should be paid by the son. He denied any such liability, claiming that his obligation went no further than the doing of the work. This dispute precipitated the litigation.

Respondents made a formal demand for a deed and offered to execute a promissory note (bearing 6 per cent interest) for the balance of the purchase price, secured by a deed of trust, all as provided in the agreement. These were refused by appellant, who countered by serving a notice of rescission based on misrepresentations. The suit was then filed, and by her cross-complaint appellant sought to rescind.

### The Appeal From the Judgment.

Appellant's principal contention is that this contract is not enforceable in equity because it calls for personal services (Civ. Code, § 3390.) Respondents do not challenge this, but they maintain that in this judgment specific performance has *not* been decreed. They assert that "that question may or may not, be involved at some later date but, at this time, the Court has rendered no judgment decreeing specific performance, and that issue is not before this Court." They admit that the decree, in declaring the duties and obligations

of the parties will be res judicata, but they then say that "whether or not the plaintiff may otherwise be entitled to specific performance is a matter not determined or fixed by the provisions of the judgment." The obvious answer to that claim is that if the decree will be res judicata as to rights and duties it will necessarily be res judicata as to specific performance.

The parties apparently had an understanding that an outside stairway was to be built by the son so that the mother would have access to her apartment without going through the house, and the court found that it was not to be built until the war was over when materials would be available.

The decree provides that when the purchase price is paid "and said stairway is constructed plaintiffs shall be entitled to specific performance." This executory part of the contract could not be enforced by appellant, for it calls for personal services. That being so, the contract cannot be specifically enforced *against* her for there must be mutuality of remedy as well as of obligation. (*Wakeham* v. *Barker*, 82 Cal. 46, 49 [22 P. 1131]; *Stanton* v. *Singleton*, 126 Cal. 657, 663 [59 P. 146, 47 L.R.A. 334]). The provision makes the appellant's obligation to convey conditional upon performance by respondents in the future (see *Los Angeles etc. Co.* v. *Occidental Oil Co.*, 144 Cal. 528, 532, 533 [78 P. 25]).

"Courts of equity only decree specific performance where the subject-matter of the decree is capable of being embraced in one order and is immediately enforceable. It will not decree specific performance when the duty to be performed is a continuous one, extending possibly over a long period of time and which, in order that the performance may be made effectual, will necessarily require the constant personal supervision and oversight of it by the court." (*Pacific Electric Ry. Co.* v. *Campbell-Johnston*, 153 Cal. 106, 117 [94 P. 623]).

The rule is settled that contracts which by their terms stipulate for a succession of acts, whose performance cannot be consummated by one transaction are not enforceable in equity. (*Stanton* v. *Singleton, supra; Moore* v. *Tuohy*, 142 Cal. 342, 347, 348 [75 P. 896]; *Los Angeles etc. Co.* v. *Occidental Oil Co., supra; Poultry Producers of So. Cal.* v. *Barlow*, 189 Cal. 278, 289 [208 P. 93]; *Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal.2d 158, 171 [88 P.2d 698, 89 P.2d 386]; *Crane* v. *Roach*, 29 Cal.App. 584, 587 [156 P. 375]; *Lind* v. *Baker*, 48 Cal.App.2d 234, 247 [119 P.2d 806]; 23 Cal.Jur. 480.)

The conditional decree of specific performance in this case falls squarely within the prohibitions of these rules.

Appellant attacks the declaratory part of the judgment on an altogether different ground. For the most part the showing in this case relating to the construction of the upstairs apartment, the outside stairway leading thereto, the right of occupancy by appellant of the newly-built apartment for the rest of her life and her right to have water, gas and electricity supplied at the expense of respondents, rested on oral testimony, some of which was conflicting. Appellant, relying on *Transport Oil Co. v. Bush*, 114 Cal.App. 152 [1 P.2d 1060], contends that the court under section 1060, Code of Civil Procedure, cannot make a declaratory judgment based on an oral contract or on disputed questions of fact. This court in *Zimmer v. Gorelnik*, 42 Cal.App.2d 440, 445, 446 [109 P.2d 34], as respondents point out, seriously questioned the authority of the Bush case. Since then the Supreme Court in *Columbia Pictures Corp. v. De Toth*, 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747], has reaffirmed what was held in *Zimmer v. Gorelnik* and has set the question at rest. Hence appellant's contention on this point cannot be sustained.

*The Appeal From the Order Vacating the First Decision and Judgment.*

The first decision found for appellant on virtually every issue. Respondents moved for a new trial and separately moved to set aside the first findings and judgment, both of which motions were heard at the same time. On October 22, a minute order was made reading as follows: "Motion of plaintiff and cross-defendant to set aside and vacate judgment and enter another judgment therein to-wit in favor of plaintiffs and cross-defendant *to change the findings to conform with the evidence,* and to change the conclusions of law, etc., be and the same is hereby granted. Said plaintiffs and cross-defendant to prepare judgment in accordance with proposal made by attorney for said plaintiffs and cross-defendant upon the hearing of aforesaid motion *and amend and correct the findings to conform to the evidence in the case."* (Emphasis added.)

When this order was made two motions were under submission, one for a new trial and the other under section 663, Code of Civil Procedure. Appellant contends that the order related only to the motion under section 663 because of its language and its silence as to a new trial.

■ According to a long line of authorities the court, when acting under section 663, has no power or jurisdiction to change any finding of fact (14 Cal.Jur. 983 and cases cited).

■ When acting under section 662, on the other hand, in ruling on a motion for a new trial the court has ample power to "change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part" where, as said in *Spier* v. *Lang*, 4 Cal.2d 711, 714 [53 P.2d 138], the court deems itself "mistaken as to its previous view of the evidence or in the application thereto of the law." The wide divergence between the first findings, for the appellant, and the second, for the respondents, indicates that the court felt that it had been mistaken on the facts.

That portion of the order, then calling for changed findings has no possible statutory support under section 663, (*Hole* v. *Takekawa*, 165 Cal. 372, 376 [132 P. 445]; *Stanton* v. *Superior Court*, 202 Cal. 478 [261 P. 1001]), but does find full support under section 662. If read in connection with an intended ruling under section 662, it makes a tenable and effective order; otherwise it is "ineffectual for any purpose" (*Hole* v. *Takekawa, supra*). ■ It is not to be presumed that the court meant to make a void order or one even partially so. The presumptions are the other way—in favor of the court's action. (*Holland* v. *Superior Court*, 121 Cal.App. 523, 526 [9 P.2d 531] and cases cited.)

Moreover, while the order neither grants nor denies a new trial *in terms*, there is no escaping the fact that its whole tenor is inconsistent with the *granting* of a motion for new trial, either in whole or in part, conditionally or unconditionally, while wholly consistent with the *denial* of such motion.

■ On December 21, 46 days after the 60-day period expired, Judge McNutt, who tried the case and heard both motions, made the following order as of October 22:

"It appearing to the court that heretofore the motion for a new trial, and the motion to vacate the judgment and enter a new judgment to conform to the evidence, was considered and submitted to the Court for decision and the Court denied the motion for a new trial, and ordered the previous judgment vacated and a new judgment entered in conformity with the evidence and the intent of the Court:

"And it appearing to the Court that the Clerk inadvertently failed to enter in the minutes of the Court the order denying said motion for a new trial;

"It is hereby ordered, that the motion for a new trial be and the same is hereby denied nunc pro tunc."

We are satisfied that this last order remedied the order of October 22, and that when both are read together it may fairly be said that the new trial was denied on October 22, and that the changes were made in the first findings in conjunction with such denial.

The record contains the affidavit of a deputy clerk which contradicts the recital contained in the *nunc pro tunc* order to the effect that the judge had denied a new trial in and by the order of October 22, but the cases hold that the statement by the judge is conclusive under circumstances such as these. (*Carpenter* v. *Pacific Mutual Life Ins. Co.*, 14 Cal. 2d 704 [96 P.2d 796] and cases cited.) For these reasons the order appealed from should be affirmed.

Adverting to the principal questions: the respondents brought this suit seeking specific performance at a time when they had not "fully and fairly performed" (Civ. Code, § 3392). That is manifest from the language of the decree which makes the delivery of the deed conditional on the building of the stairway. The rights and duties of the parties must be measured and tested by the situation presented at the time of trial, and when this case was tried the respondents simply had not fully performed (see *Wakeham* v. *Barker*, 82 Cal. 46, 49, *supra*). What the situation will be when the case is retried cannot be anticipated herein.

We might remark that the finding and declaration in the decree that $1,440 has been paid by respondents is not supported by the record as far as we can find. Other parts of the decree are subject to criticism, for instance, the provision "that all public utilities such as water, cooking fuel, bathroom, hot and cold water, and gas and electricity shall be provided for said Helen Moklofsky for the use of her or her tenant during the period of the natural life of Helen Moklofsky" does not say, as it should, by whom and at whose expense they are to be provided.

The order of October 22, 1945, is affirmed.

The judgment is reversed and the cause remanded for a new trial.

Nourse, P. J., and Dooling, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 19, 1947. Traynor, J., voted for a hearing.