[Civ. No. 16839.   Second Dist., Div. One.   May 9, 1949.]

CHARLES H. GALE et al., Appellants, v. L. C. SEYMOUR et al., Respondents.

Nathan Newby, Jr., for Appellants.

Elmer J. Walther for Respondents.

WHITE, P. J.—Appellants entered into an agreement with respondents which included a provision that appellants should construct a building and lease it to respondents fully equipped as a market and which agreement further provided: "Lessor agrees to furnish a parking lot paved with macadam for the use of Lessee's customers, subject to reasonable regulations established by Lessor; that Lessee shall not be responsible for said parking lot." Appellants attempted to rescind and brought an action for cancellation of the agreement for fraud. The trial court found in favor of respondents and rendered judgment, from which this appeal is taken, and which included the following provision:

"That plaintiffs either pave the parking lot in the rear of said market, and adjacent thereto, with macadam, within thirty days from notice of entry of this judgment, and pay to

defendants the sum of $92.00, or in the alternative pay to defendants the sum of $692.00, defendants to expend the sum of $600.00 thereof toward the paving said parking lot with macadam.''

As stated in their brief, ''appellants contend that the court exceeded its authority when it ordered the defendants to either pave the parking lot or pay $600.00 to defendants toward paving the parking lot on the grounds that it was a mandatory injunction requiring the supervision of the court and that there was insufficient testimony to determine what would constitute paving.'' Appellants cite *Stanton* v. *Singleton*, 126 Cal. 657, 665 [59 P. 146, 47 L.R.A. 334], and *Moklofsky* v. *Moklofsky*, 79 Cal.App.2d 259, 262 [179 P.2d 628]. These cases apply the rule that equity will not decree specific performance when the duty to be performed is a continuous one, extending possibly over a long period of time and requiring constant personal supervision and oversight by the court, and that contracts which stipulate for a succession of acts, when performance cannot be consummated by one transaction, are not enforceable in equity. The judgment here under attack does not fall within the prohibitions of these rules. It directs the doing of but a single act, the performance of which requires neither ''constant personal supervision'' by the court (*Pacific Elec. Ry. Co.* v. *Campbell-Johnston*, 153 Cal. 106 [94 P. 623]), nor the exercise by the court of ''special knowledge, skill or judgment'' in the oversight thereof. (*Stanton* v. *Singleton, supra*, p. 665.) There is no merit to the claim of uncertainty. Evidence adduced at the trial showed that the area to be paved was the lot in the rear of the store. Moreover, appellants have no just cause for complaint, since the judgment is more favorable to them than they could legally demand, in that it gives them the alternative of either paving the lot as they agreed or paying, as damages, the reasonable cost of having it paved.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.