[Civ. No. 14051.   First Dist., Div. One.   Sept. 15, 1949.]

ALBERT S. MOKLOFSKY et al., Respondents, v. HELEN MOKLOFSKY, Appellant.

Carl William Anderson and Cyrus J. McMillan for Appellant.

Joseph A. Brown for Respondents.

WARD, J.—This is a judgment roll appeal. Defendant and cross-complainant appeals from the "judgment in declaratory relief" in favor of plaintiffs and from the denial of any affirmative relief on defendant's cross-complaint, the allegations of which are in the nature of a complaint for rescission.

The complaint alleges a cause of action by plaintiffs for (1) specific performance and (2) declaratory relief. The case was previously tried and appealed and the cause remanded for a new trial. (*Moklofsky* v. *Moklofsky*, 79 Cal. App.2d 259 [179 P.2d 628]; petition for hearing by Supreme Court denied.) In the former appeal the same appellant as in the present appeal attacked the declaratory part of the judgment on the ground that a declaratory judgment (Code Civ. Proc., § 1060) may not be based on an oral contract or on disputed questions of fact. After reviewing several cases previously cited it was held that this point could not be sustained.

The main point relative to "cause of action" considered in the previous appeal covered plaintiffs' allegations and the prayer for specific performance. In this connection the court said: "Adverting to the principal questions: the respondents brought this suit seeking specific performance at a time when they had not 'fully and fairly performed' (Civ. Code, § 3392). That is manifest from the language of the decree which makes the delivery of the deed conditional on the building of the stairway. The rights and duties of the parties must be measured and tested by the situation presented at the time of trial, and when this case was tried the respondents simply had not fully performed (see *Wakeham* v. *Barker*, 82 Cal. 46, 49 [22 P. 1131], *supra*). What the situation will be when the case is retried cannot be anticipated herein."

On this appeal defendant admits that the present judgment denying specific performance may be supported on several grounds, namely, lack of mutuality of remedy, impossibility of the supervision of the contract, inadequacy of consideration, and adds "unfairness to the mother." ▮ Irrespective of defendant's admissions, unless the pleadings as

they appeared in the first trial had been amended, or a material change was made in the presentation of evidence, the decision on the first appeal is the law of the case on the subject of specific performance. No change was made in the pleadings and defendant in the present opening brief agrees that "the facts will be taken as stated in the prior opinion and findings of fact in this case."

Notwithstanding the opinion in the previous appeal and the statements in the opening brief, defendant contends that "By its judgment in declaratory relief, while denying specific performance, the trial Court has placed the parties in an anomalous position" and that "The judgments are irreconcilable." To state that the parties have been placed in an anomalous position or that the judgments are irreconcilable is merely another manner of stating that the present trial judge deviated from the true legal path. The previous opinion is authority that the denial of specific performance and the granting of the prayer for declaratory relief, as applied to the facts as presented on the former appeal, is not inconsistent but is concordant with the law and the facts of the case. ■ One of the purposes of a declaratory relief judgment is to hold the parties steadfast to the definite provisions of a contract by a reasonable interpretation of its terms justifying a decree that will make definite the true intent of the parties to perform even upon the happening of a condition. (*Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753 [161 P.2d 217, 162 A.L.R. 747]; *Conroy* v. *Civil Service Com.,* 75 Cal.App.2d 450 [171 P.2d 500].) The fact that the contract may be an oral contract to employ and to pay upon consummation of the work is not a factor that is controlling in refusing the remedy if the decree may serve a practical legal purpose. (*Columbia Pictures Corp.* v. *DeToth, supra.*) Declaratory relief is a proper remedy based upon the pleadings in this case. (*Moklofsky* v. *Moklofsky, supra.*)

Several further points on the present appeal must be mentioned. Defendant claims that she has been treated unfairly and that the court erred in denying any relief on her cross-complaint. In the former opinion (*Moklofsky* v. *Moklofsky, supra*) the court stated, at page 261: "Respondents made a formal demand for a deed and offered to execute a promissory note (bearing 6 per cent interest) for the balance of the purchase price, secured by a deed of trust, all as provided in the agreement. These were refused by appellant, who countered by serving a notice of rescission based on misrepresenta-

tions. The suit was then filed, and by her cross-complaint appellant sought to rescind.'' However, there is no fact cited in the opinion which suggests that fraudulent misrepresentations induced defendant to enter into the contract. ██ The present appeal is on the judgment roll. No action has been taken by defendant to augment the present appeal by matters of record material to a determination of the points mentioned. ██ An appellate court may not indulge in presumptions, inferences or surmises to reverse a judgment. (*Smith v. Wiget,* 75 Cal.App.2d 591 [171 P.2d 563].) Every intendment, supported by the record, is that the trial court reached the correct conclusion.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 10, 1949.