[Civ. No. 15194. First Dist., Div. Two. Nov. 17, 1952.]

WHIPPLE ROAD QUARRY COMPANY (a Corporation), Appellant, v. L. C. SMITH COMPANY (a Corporation), Respondent.

Alfred J. Harwood for Appellant.

Mullin & Cost for Respondent.

DOOLING, J.—This is an appeal from an order denying an application for a temporary injunction. Appellant and respondent entered into an agreement of lease wherein appellant is lessor and respondent lessee. Respondent bound itself as lessee to operate the property as a quarry, to install certain equipment therein, to pay the lessor 7½ cents per ton for all rock removed, to sell to lessor all crusher base rock desired by lessor at 65 cents per ton, and to operate said quarry as a commercial quarry and sell rock to the public at the prevailing market price during the term of the lease. Respondent also bound itself that "during the term of this lease, the existing plant of Lessee shall remain on the premises. . . ."

Respondent gave notice of the termination of the lease and appellant brought an action for declaratory relief and for an injunction enjoining the removal of the existing plant of respondent from the premises. It applied for a temporary injunction to enjoin the removal of the plant which was denied.

The case is controlled by the rule announced in *Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal.2d 158 [88 P.2d 698, 89 P.2d 386], in which the court at page 168 approved

the holding in *Anderson* v. *Neal Institutes Co.*, 37 Cal.App. 174 [173 P. 779] "that where a contract contains both affirmative and negative stipulations, equity will not interfere to prevent a breach of the negative covenant when the affirmative covenant is of such a nature that it cannot be specifically enforced by judicial decree."

■ The affirmative covenants to operate the property as a commercial quarry, sell to the public at prevailing rates, pay royalties to appellant etc., fall within the rule that "courts of equity will not decree the specific performance of contracts which by their terms stipulate for a succession of acts whose performance cannot be consummated by one transaction, but will be continuous and require protracted supervision and direction." (*Long Beach Drug Co.* v. *United Drug Co., supra,* 13 Cal.2d 171 and cases cited; *Moklofsky* v. *Moklofsky,* 79 Cal.App.2d 259, 262 [179 P.2d 628]; 23 Cal.Jur. 480-481.)

Appellant relies on *Morris* v. *Iden,* 23 Cal.App. 388 [138 P. 120]. In that case a lessor was enjoined from selling a portion of the leased property. Since the lessee has a vested interest in the property leased to him (15 Cal.Jur. 600) the injunction in that case issued to protect that property interest from "irreparable damage" (23 Cal.App. 396).

In *Associated Oil Co.* v. *Myers,* 217 Cal. 297 [18 P.2d 668] and *General Petroleum Corp.* v. *Loughead,* 218 Cal. 554 [24 P.2d 457], also cited by appellant, the courts enjoined a continuing unauthorized and forbidden use of the leased property by the lessees. None of these cases is applicable to the situation here presented where the lessee has vacated the leased property and repudiated the lease.

A motion to dismiss the appeal was made by respondent which is denied. The order denying a temporary injunction is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied December 17, 1952, and appellant's petition for a hearing by the Supreme Court was denied January 15, 1953. Carter, J., was of the opinion that the petition should be granted.